## The Lucille.

1. An appeal in admiralty from the District to the Circuit Court in effect vacates the decree of the District Court, and a new trial in all respects, and a new decree, are to be had in the Circuit Court. The latter must execute its own decree, and the District Court has nothing more to do with the case.
2. An order of the Circuit Court merely affirming the decree of the District Court, and nothing more, is not such a decree as the Circuit Court should render, and is not a final decree from which an appeal lies to this court.

On motion to dismiss, for want of jurisdiction, an appeal in admiralty from the Circuit Court for the District of Maryland.

The act of March 3d, 1803,* amendatory of the Judiciary Act, enacts that "from all *final* decrees" rendered in any Circuit Court in any cases of admiralty, "where *the matter in dispute,* exclusive of costs, shall exceed the sum or value of $2000," an appeal shall be allowed to this court.

This statute being in force, Nancy Repass libelled the schooner Lucille, in the District Court for Maryland, for damages; alleging a collision by the Lucille, whereby she had been "damaged to the extent of $2000, *for which* she claims reparation in this suit."

The libel concluded with a prayer, that "the court will pronounce for the libellant's aforesaid demand, and for such other and further relief and redress as to right and justice appertain, and as the court is competent to give in the premises."

The court decreed in favor of the libellant for $2100. The libellant, objecting to a decree for a sum larger than that claimed, remitted, of record, $100, parcel of the said sum; and the other side appealed to the Circuit Court, where an order was entered affirming the decree below. The order thus made, and from which the present appeal was taken, was in the following words:

---

* 2 Stat. at Large, 244.

"It is, this 27th day of May, A.D. 1872, adjudged and ordered that the decree of the District Court be, and the same is hereby, affirmed, with costs."

It was this appeal that the libellant moved to dismiss.

*Messrs. W. S. Bryan and T. A. Seth, in support of the motion:*
The libellant never claimed more than $2000, and when more was decreed objected and remitted the surplus. "The matter in dispute," in the *Circuit* Court, was, therefore, the original decree, *less* the amount remitted; that is to say, it was for $2000, and for no more. Not exceeding $2000 no appeal to this court will lie. The matter in dispute means the amount claimed on the one side and whose payment or surrender is resisted on the other.

*Mr. R. S. Matthews, contra:*
The decree in the District Court was for $2100, and by the order of the Circuit Court *that* decree and no other is affirmed. Exceeding thus $2000, an appeal will lie.

Mr. Justice MILLER delivered the opinion of the court.

Whatever may be the merit of the objection on which the motion is founded, namely, that the above decree is not for an amount exceeding $2000, we are of opinion that there is not a final decree from which an appeal can be taken to this court, and that this appeal must for that reason be dismissed.

An appeal in admiralty has the effect to supersede and vacate the decree from which it is taken. A new trial, completely and entirely new, with other testimony and other pleadings, if necessary, or, if asked for, is contemplated,—a trial in which the judgment of the court below is regarded as though it had never been rendered. A new decree is to be made in the Circuit Court. This decree is to be enforced by the order of that court, and the record remains there. The case is not sent back to the District Court for executing the decree, or for any other proceeding whatever, and that court has nothing further to do with it. The decree should,

therefore, be complete within itself. In the case before us, the decree fixes no sum which the successful party is to recover. If any process is to be issued to enforce it, the clerk must from the record of the District Court ascertain the amount, or he can issue no such process. But this is the duty of the court, and not the clerk. It may be said that it is, in such case as this, a mere matter of computation, and in some cases it may be. But the one before us shows that it is not always so, for the only question argued by counsel on this motion is, whether the judgment affirmed is for $2000 or $2100—for the amount after the remittitur or before. No final decree of a court which enforces its own judgments ought to be left in such condition that the record of another court is the only evidence of the amount recovered by the successful party. An order affirming a decree in another court is neither in express terms nor by necessary implication a judgment or decree for the amount of the judgment or decree in that court. The costs of the lower court, and the interest on its judgment to the date of the decree or judgment on appeal, are to be added to it, and, though they *may* be computed by the clerk, they should have the judicial consideration of the court. According to these views, there is no final decree such as the law intends in the Circuit Court in this case, and the appeal is

DISMISSED.

Mr. Justice CLIFFORD dissented.