## James R. Morehead v. The International R. R. Co.

1. Judgment—Practice—New trial.—A motion which, in terms, asks an arrest of judgment, on the ground that there is nothing in the verdict which shows that it was rendered against any party to the suit, is, in legal effect, a motion to set aside the verdict; and the action of the court below, on such a motion, which pronounces the judgment "arrested," leaves the case standing in court as if it had never been tried; such action of the court is not a final judgment from which an appeal can be taken.

2. Distinguished.—This case distinguished from Denison *v.* League, 16 Tex., 405.

APPEAL from Gregg. Tried below before the Hon. Z. Norton.

The action of the court below on the motion affecting the verdict, which is set forth in the opinion, is contained in the following entry, viz:

"The motion in arrest of judgment then coming on to be heard, was argued, and it is considered and adjudged that said motion be sustained. It is therefore adjudged that the judgment rendered in this cause against the International Railroad Company be, and it is hereby, arrested, to which plaintiff excepts," &c. See opinion, for the language of the verdict.

*A. T. Burke* and *E. T. Ragland,* for appellant.—It is easy to perceive how the mistake, unintentional on the part of the jury, and a clerical error, if error at all, was made, when, at this time, from practice and business transactions, commercially as well as otherwise, those initials are used, prove this. Can it be said that the jury intends to find outside of the issues made by the proceedings? Is it not sufficiently certain to be rendered certain? The form of a verdict is not material. (Burton *v.* Bondies, 2 Tex., 203; Wells *v.* Barnett, 7 Tex., 584; Cook *v.* Garza, 9 Tex., 359; Baker *v.* Wofford, 9 Tex., 516; Hamilton *v.* Rice, 15 Tex., 382; Frederick *v.* Hamilton, 38 Tex., 336; Burton *v.* Anderson, 1 Tex., 93; McMullen *v.* Kelso, 4 Tex., 235; Randen *v.* Barton, 4 Tex., 289; James *v.* Wilson, 7 Tex., 230; Horton *v.* Reynolds, 8 Tex., 284; Smith *v.* Johnson, 8 Tex., 418; Parker *v.* Leman, 10 Tex., 116; Avery *v.* Avery, 12 Tex., 54; Galbreath *v.* Atkin son, 15 Tex., 21; Moke *v.* Fellman, 17 Tex., 367.)

But should the court hold that the verdict is insufficient, and did not find the points in issue, as contended for, ought not the court to have granted a new trial? The court overruled defendant's motion on that ground. (Reynolds *v.* Johnston, 13 Tex., 214; Kesler *v.* Zimmerschitte, 1 Tex., 50; Ford *v.* Taggart, 4 Tex., 492; Hall *v.* York, 16 Tex., 18.)

If a verdict is neither certain in itself, nor finds facts upon which certainty can be allowed, it will be set aside. (Mays v. Lewis, 4 Tex., 38.)

Ought not the court, if the verdict was a nulity, to have set the same aside, and granted a new trial, as a matter of course, in the exercise of his judicial functions, instead of sustaining the verdict, but arresting the judgment and dismissing plaintiff's suit, in effect, on account of the error of the jury, if an error.

*Reeves & Dodd,* also for appellant, cited 1 Rob., (La.,) 519; 2 La., 359; Smith v. Johnson, 8 Tex., 421; 3 Vroom, (N. J.,) 334; 16 Tex., 405; 35 N. H., 364; 1 Saund., 228–41,

*Baker & Botts,* for appellees.

ROBERTS, CHIEF JUSTICE.—Appellant brought an action for a malicious prosecution, against the International Railroad Company, and two of its officers, H. M. Hoxie and J. C. Mow.

Upon a trial of the cause in the District Court, a verdict was returned into court, as follows, to wit: "We, the jury find for the plaintiff, J. R. Morehead, actual damages against the I. and G. N. R. R. Co., $120. Exemplary damages ($12,500) against the same company. Jesse G. B. Graybill, foreman."

A judgment was rendered in accordance with this verdict. A motion was made for a new trial, upon various grounds, which was overruled. A motion in arrest of judgment was also made upon the following grounds, to wit:

"1. Because there was no verdict of the jury against this defendant.

"2. Because the verdict is against the I. and G. N. R. R. Co,; and there is nothing therein to show that it was intended to be against this defendant, but shows affirmatively that it is against some other corporation than this defendant, if against any one.

" 3. Because of the variance between the verdict and the judgment, which will not authorize said judgment. (Signed) Baker & Botts, for I. R. R. Co."

The action of the court upon this motion was recorded in an entry as follows, to wit:

"The motion in arrest of judgment then coming on to be heard, was argued, and it is considered and adjudged that said motion be sustained. It is therefore adjudged that the judgment rendered in this cause against the International Railroad Company be, and it is hereby, arrested, to which the plaintiff excepts, and here gives notice of appeal to the Supreme Court."

This was all the judgment that was entered. The plaintiff afterwards made a motion to have the jury reassembled to correct the verdict, which was overruled.

The judgment that was entered upon, and in pursuance to the verdict, was "arrested" on account of the alleged defect of the verdict, the effect of which was simply to set aside the entry of judgment that had been made, and a declaration of record by the court that no judgment would be rendered in favor of the plaintiff on that verdict. The petition of plaintiff was not decided to be defective, and there was no judgment against the plaintiff or for him; that he take nothing by his suit or for costs; nor was there any judgment for or against the defendants. The case was not dismissed, but stood in court just as if there had been no trial or verdict.

Properly speaking, the motion, which was sustained by the court, was not a motion in arrest of judgment. (Stephens on Pl., 96.) The grounds set forth in it are, most usually in our practice, embraced in a motion for a new trial. It was, in legal effect, a motion to set aside the verdict, because it was not responsive to the pleadings of the plaintiff, and for that reason no valid judgment could be rendered on it. Whether it was called by its proper name or not, the court, upon sustaining it for the reasons therein set forth, should

have awarded a new trial, a *venire de novo*. (Stephens on Pleadings, 99.)

The effect of the action of the court on the motion was to leave the case standing in court for another trial, when called, just as if it had never been tried.

There being no final judgment in the case, an appeal cannot be entertained.

We are referred by counsel to the case of Denison *v.* League, as authority for entertaining the appeal in this case. In that case there was a motion in arrest of judgment sustained, "with leave to the plaintiff to amend, which he declined. The judgment was then entered as arrested; from which the defendant appealed."

From this it is plain that there was a proper entry of a final judgment, disposing of the case, upon the plaintiff having declined to amend a defective petition, and that judgment was affirmed because the petition did not state a good cause of action, as is shown by the opinion in the decision of the case in the Supreme Court. (16 Tex., 405.) We are therefore precluded from passing now upon the ruling of the court in setting aside the judgment that was entered on account of the alleged defect of the verdict, because there is no final judgment to appeal from in this case. (Moore *v.* Robbins, 18 Wall., 588; The Lucille, 19 Wall., 73.)

DISMISSED.