THE BELGENLAND.*

(*Circuit Court, E. D. Pennsylvania.* March 5, 1883.)

1. ADMIRALTY PRACTICE—APPEAL—SUPERSEDEAS.
   An appeal to the supreme court of the United States from the judgment of the circuit court, affirming a decree made by the district court, duly entered, with stipulations approved by the court, does not operate as a *supersedeas*, or vacate the decree, so as to prevent the entry of judgment against the stipulators in the district and circuit courts.

2. JUDGMENT ON APPEAL—LIEN OF.
   Upon an appeal to the supreme court, duly entered, with stipulations approved by the court, a judgment will be entered against the stipulators in the district and circuit courts, and such judgment will remain as a lien against them until the appeal to the supreme court shall have been finally determined.

Petition to Vacate the Entry of Judgment against stipulators in the district and circuit courts in admiralty.

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

In a cause of libel for collision by the bark Luna against the steamship Belgenland, the district court decreed in favor of the libelant, and upon appeal to the circuit court this decree was affirmed. *The Belgenland*, 5 FED. REP. 86; 9 FED. REP. 126; Id. 576. The petition of William G. Warden *et al.* was now presented to the circuit court, setting forth that upon the same day that the circuit court affirmed said decree an appeal therefrom to the supreme court of the United States was duly perfected, and a bond filed, with sureties, in the sum of $70,000, duly approved by the court, but that judgment had been entered against the petitioners as stipulators in the district and circuit courts for $51,954.14, and that this judgment was entered as a lien against all the real estate of the petitioners.

The petition further alleged that each of the appeals was a *supersedeas*, and that, therefore, the judgment had been improvidently entered, and prayed that the same might be vacated. The condition of the stipulation taken in the district court was:

"Now if the said claimant shall well and truly abide by all orders, interlocutory or final, of the said court, and of any appellate court *in which the said suit may be hereafter depending*, and shall fulfill and perform the judgment or decree which may be rendered in the premises, and also pay all costs, etc., this stipulation shall be void, otherwise in force, and execution may issue by virtue thereof at one and the same time against any or all the parties to this stipulation."

The condition of the bond filed upon appeal to the supreme court was that appellant shall prosecute his appeal with effect.

*Morton P. Henry*, for petitioners.

An appeal is a *supersedeas*, and vacates the judgment of the district and circuit courts. The cause is heard *de novo* upon appeal, and no judgment can be entered up as a lien until after final hearing. *The General Pinkney*, 5 Cranch, 281; *U. S.* v. *Preston*, 3 Pet. 66; *The New Orleans*, 17 Blatchf. 216.

*Henry Flanders, contra.*

The stipulator takes the place of the *res*, and if the decree be for the libelant a judgment should be entered against the stipulator. *The Alligator*, 1 Gall. 145; *The Wanata*, 95 U. S. 600–616; Rev. St. §§ 941, 967; Ben. Adm. § 547.

BUTLER, J., (McKENNAN, J., *concurring*.) Counsel for the petitioners admits that the court cannot interfere with the decree except upon the ground that it was entered *without authority*, and is therefore null and void—the record having been removed by appeal

and the term having passed. It is sufficient, therefore, to say that I do not doubt the court's authority to enter the decree against the stipulators, as it did. The uniform practice in the district has been to do so, under similar circumstances, and it is, in my judgment, sustained, not only by the general authority of courts of admiralty everywhere, but *here* especially, by the act of congress relating to this subject, approved March 3, 1847.

Whether, in view of the fact that new sureties are required on taking an appeal,—thus securing the libelant under such circumstances beyond all danger of loss,—it would be wise to so mould the decree as to avoid creating a lien against the stipulators pending the appeal, may well be considered hereafter. The inconvenience of such a lien may be very great, and the danger of having to submit to it may deter the most desirable individuals for such a service from assuming the obligations of stipulators.

---

The petitioners afterwards presented a petition to the supreme court of the United States for a *mandamus* to compel a modification of the decree as prayed above, which has been refused. 2 Sup. Ct. Rep. 864.—[REP.