The State ex rel. Chicago & Northwestern R. Co. vs. Burnell.

her part. The jury were clearly justified in finding that the paper writing was not the voluntary act of Mr. Baker.

From a careful examination of the evidence, we are forced to the same conclusion reached by the trial court, and that is that the alleged will was either procured by undue influence, or that a bold fraud was practiced upon the deceased. This conclusion is supported by numerous adjudications of this court. *Disch v. Timm*, 101 Wis. 179, and cases there cited. The question involved was purely one of fact for the jury and trial court. They decided it according to the clear preponderance of the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.

The appellant moved for a rehearing and modification of the decision so that the same should provide that the costs and expenses of the appellant on the appeal to the supreme court, and a reasonable sum for counsel fees, be allowed by the county court, to be paid out of the estate.

The motion was denied April 4, 1899.

THE STATE EX REL. CHICAGO & NORTHWESTERN RAILWAY COMPANY vs. BURNELL, Circuit Judge.

*January 31 — February 21, 1899.*

Certiorari: *Effect of* supersedeas: *Bill of exceptions.*

A writ of *certiorari* does not vacate the order or judgment challenged thereby, but merely suspends its execution. It does not prevent the giving of notice of the entry of the judgment or order for the purpose of setting the time running within which a bill of exceptions must be settled.

The State ex rel. Chicago & Northwestern R. Co. vs. Burnell.

MANDAMUS to the circuit court for Winnebago county:. GEO. W. BURNELL, Circuit Judge. *Writ dismissed.*

Proceedings commenced in this court to compel the respondent to sign and certify a bill of exceptions.

An order was made granting the prayer of a petition, filed in the circuit court for Winnebago county, for the appointment of commissioners in condemnation proceedings. Thereafter such proceedings were removed to this court for review pursuant to a writ of *certiorari*. A copy of the order in the· condemnation matter, and notice of the entry thereof, were served so as to set the time running for the railway company to settle a bill of exceptions. Later, the writ of *certiorari* was quashed. Subsequent to the quashing of the. writ, a bill of exceptions was prepared on behalf of the relator, and all steps requisite to the signing and certifying of it by the circuit judge complied with, unless the relator was too late therewith because of the service of the copy of the order and notice of the entry thereof, before mentioned. The circuit judge held that the bill came to him too·late and refused to sign it. An alternative writ of *mandamus* was sued out of this court, requiring the judge to sign the bill or show cause to the contrary. Due return was made to such writ, assigning as the reason for not signing the bill that the time therefor expired before such bill was presented for settlement. The relator demurred to the return, and the issue thus formed was submitted to the court for determination.

For the relator there was a brief by *Fish, Cary, Upham & Black,* and oral argument by *R. N. McMynn.* They con· tended, *inter alia,* that the writ of *certiorari* removed the condemnation proceedings, record and all, bodily from the circuit court to the supreme court and suspended the powers of the circuit court as to such proceedings. All attempted subsequent proceedings in that court pending the *certiorari* would be *coram non judice* and void. *Case v.*

*Shepherd,* 2 Johns. Cas. 27; *Patchin v. Brooklyn,* 13 Wend. 664; *Cross v. Smith,* 1 Salk. 148; *Newman v. State,* 76 Wis. 112; *McCormick H. M. Co. v. Reed,* 85 Wis. 201, 202; *Wallace v. Wallace,* 13 Wis. 224, 227.

*Miller, Noyes, Miller & Wahl* and *Eaton & Weed,* respondent's attorneys. [No brief on file.] The cause was argued orally by *H. I. Weed.*

MARSHALL, J.    A writ of *certiorari* suspends the execution of the judgment or order challenged thereby. It does not vacate such judgment or order. Pending the hearing, such order or judgment remains in full force the same as in case of an appeal where the statute regarding a stay of proceedings has been complied with. In case of an appeal, the record may be retained in the court below and a certified copy be sent to this court; in case of a writ of *certiorari* the same course may be pursued, in fact is required to be pursued, unless an order be entered to the contrary. See Supreme Court Rule IV. The idea that a *supersedeas* vacates the order or judgment of the lower court pending the hearing in the court above, has no place in our system. The sole effect of it is to prevent any act being done to enforce the judgment or order affected by the stay. Notwithstanding the *supersedeas* or stay, the judgment or order may be pleaded or given in evidence in bar or as an estoppel, or the judgment debtor may be garnished, or any other proceedings be taken not inconsistent with the dormant status of the judgment so far as its enforcement is concerned. *Newman v. State,* 76 Wis. 112; *Richter v. Leiby,* 99 Wis. 512; *State v. Madison,* 63 Me. 546.

It follows that the giving of a notice of the entry of a judgment or order, so as to set the time running within which to settle a bill of exceptions, is not a proceeding to enforce such order or judgment, and is not prevented by the issuance and service of a writ of *certiorari* to test the valid-

ity of such order or judgment. That is ruled by *Sexton v. Pickett*, 24 Wis. 346. The circuit judge relied upon the decision in that case in refusing to sign the bill of exceptions. No reason is perceived why the decision in that case, and the facts alleged in the return, are not a complete answer to the alternative writ of *mandamus*. They are so considered.

The result is that the demurrer to the return to the alternative writ must be overruled, and judgment be entered dismissing such writ and for costs to be taxed against the relator.

*By the Court.*— It is so ordered.