REYNOLDS et al. v. MANHATTAN TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1901.)

No. 667.

FEDERAL COURTS—JURISDICTION—POWER TO MODIFY DECREE AFTER TERM.

A circuit court of appeals has no power to entertain a motion to revoke a mandate issued, and to issue a new one directing the entry of a different decree below, where such motion is not made until after the expiration of the term at which the cause was determined and decree entered, and where such decree, and the mandate issued thereon, conform in all respects to the opinion of the court, notwithstanding equitable grounds are shown for the granting of different relief to the successful appellant, had timely application therefor been made.

Appeal from the Circuit Court of the United States for the District of Nebraska.

G. M. Lambertson and F. M. Hall (J. W. Deweese, on the brief), for appellants.

John L. Webster, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. At the May term, 1897, of this court, the present case, entitled "E. P. Reynolds and Company, Appellants, v. The Manhattan Trust Company et al., Appellees," was decided on the merits. Vide 55 U. S. App. 96, 27 C. C. A. 620, 83 Fed. 593. The opinion was handed down on November 15, 1897, and the court was adjourned for the term on the 29th of the same month. The mandate of this court was transmitted to the circuit court, in accordance with our rules, at the succeeding December term, to wit, January 8, 1898, and was duly filed in the circuit court. On February 26, 1898, a motion was lodged in this court, which presents the question now to be determined, praying that the original mandate be revoked, and that a new mandate issue, directing the entry of a different decree than the one required to be entered by the original mandate.

As will appear from our original decision (27 C. C. A. 621, 622, 83 Fed. 593, where the facts are stated in detail), E. P. Reynolds & Co. filed a cross bill in a railroad foreclosure suit which was then pending in the circuit court of the United States for the district of Nebraska, to establish a mechanic's lien against the mortgaged property in the sum of $37,400 for work and labor done in the construction of the railroad. At a certain stage of the proceedings in the foreclosure case, as the lien was contested by the trustee in the mortgage, a bond was given to secure the payment of the amount of the appellants' claim, if their lien should be eventually established and declared to be paramount to the mortgage indebtedness. After the giving of this bond the foreclosure suit proceeded to its legitimate termination, and the road was sold under a decree of foreclosure, and passed into the possession of the purchasers at such sale. The claim for a lien was referred to a master for hearing and determination, who eventually filed a report to the effect that the cross complainants, Reynolds & Co., were entitled to a lien upon the proceeds of

109 F.—7

the sale of the railroad and upon the bond given to secure the payment of the lien; that the lien was prior to the mortgage; and that a decree should be entered in accordance with his finding, requiring the payment by the bondsmen of the amount found to be due on the lien, to wit, $13,600, and interest at 7 per cent. per annum from June 27, 1890. Exceptions to this report of the master were filed and sustained, and a decree was entered by the circuit court dismissing the lienors' cross bill and their claim for a lien. This was the decree which was formerly before this court for review, and on the hearing of the appeal this court reversed the decree of the circuit court, and sustained the decision of the master, directing that the decree below be reversed, with costs, and that the case be remanded to the circuit court, with directions to overrule the exceptions to the report of the special master, to confirm that report, and to render a decree in accordance with his recommendations. 27 C. C. A. 620, 630, 83 Fed. 594. The mandate of this court, when issued, was in strict conformity with its opinion, and in terms adjudged "that this cause be, and the same is hereby, remanded to the circuit court, with directions to overrule the exceptions to the report of the special master, to confirm that report, and to render a decree in accordance with the recommendations of said special master's report." It was subsequently ascertained that the principal and sureties in the bond which had been accepted to secure the payment of the appellants' lien had become insolvent, and that the bond was worthless; whereupon the present motion to revoke the original mandate was filed, as above stated, with a view of inducing this court to modify its original judgment by directing a decree to be entered, giving the appellants a first lien on the railroad, and directing the same to be sold for the satisfaction of the appellants' claim.

We feel disposed to concede that if a timely application had been made to this court, by a petition for a rehearing, to modify its judgment, and to enter an order adjudging that the appellants have a lien upon the railroad, and that the road be sold if the amount of the lien was not paid by a given date, such relief might have been granted, notwithstanding the provisions of the decree of foreclosure that the mortgaged property should be sold "free and clear of all liens," etc. Reynolds & Co. had not become parties to the foreclosure suit when the decree containing this provision was entered. The order directing that a bond might be given for the payment of the lien if the same should be established and adjudged superior to the mortgage indebtedness did not in terms provide that the giving of the bond should operate as a release of the lien and transfer the liability to the bondsmen, as it should have done if such was intended to be its effect; and the bond which was actually given did not conform strictly to the terms of the order permitting it to be given, because it was not signed by both of the purchasers at the foreclosure sale, as the order required. For these reasons, we shall concede for present purposes that it was within the power of this court to have modified its original judgment, if relief of that nature had been sought during the period when the judgment was subject to its control. No such relief was sought, however, during the term at which the judgment

was rendered, nor until the lapse of nearly three months after the term had expired, and the primary question which arises upon this motion is whether this court now has the power to modify or alter its former judgment in any material respect. In Sibbald v. U. S., 12 Pet. 488, 492, 9 L. Ed. 1167, 1169, it was said:

"No principle is better settled or of more universal application than that no court can reverse or annul its own final decrees or judgments for errors of fact or law after the term in which they have been rendered, unless for clerical mistakes; * * * from which it follows that no change or modification can be made which may substantially vary or affect it in any material thing."

The same doctrine was reiterated in Bank v. Moss, 6 How. 31, 38, 12 L. Ed. 331; and in Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797, 799, it was declared to be "a general rule of law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But," the court said, "it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision. So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decision, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court." In Bushnell v. Smelting Co., 150 U. S. 82, 14 Sup. Ct. 22, 37 L. Ed. 1007, the supreme court, with some impatience, again reiterated the rule that an application for a rehearing cannot be entertained when presented after the expiration of the term at which the judgment was rendered, citing various cases in which the point had been previously adjudicated. It must be regarded, therefore, as a well-settled rule that neither a federal appellate court nor a federal nisi prius court can materially modify its judgment or decree after the lapse of the term at which the same was rendered, unless the power to do so is reserved by a petition for a rehearing or a motion for a new trial filed during the term, and regularly continued to a succeeding term, so as to preserve the court's power of control over the particular judgment or decree. Woods v. Lindvall, 4 U. S. App. 45, 1 C. C. A. 34, 48 Fed. 73. And this is the view which obtains in other circuits. Klever v. Seawell, 22 U. S. App. 458, 467, 12 C. C. A. 653, 65 Fed. 373.

In the present instance we are not asked to correct a mere clerical mistake made in the entry of a judgment, or to enter a judgment orally announced, which the clerk failed to enter, or to expunge a judgment which, when entered, was absolutely void for want of jurisdiction over the parties, all of which mistakes may doubtless be cor-

rected at any time (Bank v. Perry, 32 U. S. App. 15, 19, 14 C. C. A. 273, 66 Fed. 887); but we are asked to enter a decree which is materially different from the one formerly entered, and unlike the decree which the court at the time intended to enter, the former decree being precisely such a one as the court in its opinion directed to be entered. The clerk was guilty of no neglect, and, although it be true that greater relief might have been granted than was in fact afforded, yet, as it was not applied for within the term, this court has now lost the power to afford it. The motion to revoke the mandate, and to issue a new mandate, is accordingly denied.