WASKEY et al. v. HAMMER et al.

EADIE et al. v. CHAMBERS.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1910.)

Nos. 1,609, 1,595.

1. APPEAL AND ERROR (§ 1218*)—MANDATE—POWER TO RECALL.
   The Circuit Court of Appeals has no power to entertain a motion to recall a mandate after the expiration of the term at which its judgment was rendered and the mandate issued.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4719; Dec. Dig. § 1218.*]

2. CERTIORARI (§ 47*)—SERVICE OF WRIT OR NOTICE OF PROCEEDINGS—EFFECT AS STAY.
   A writ of certiorari issued to a subordinate court operates as a supersedeas from the time of its service or of formal notice of its issuance, suspending the power of the court to which it is issued to take further action in the case until it is finally disposed of by the reviewing court.
   [Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 121, 122; Dec. Dig. § 47.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Actions by Joseph Hammer and others against Frank H. Waskey and others, and by J. J. Chambers against Andrew Eadie and others. On motions to recall mandates. Overruled.

For former opinions, see 170 Fed. 31, 95 C. C. A. 305, and 172 Fed. 73, 96 C. C. A. 561.

F. E. Fuller, O. D. Cochran, Ira D. Orton, C. D. Murane, W. A. Gilmore, J. C. Campbell, W. H. Metson, F. C. Drew, C. H. Oatman, and J. A. Mackenzie, for plaintiffs in error Waskey and others.

P. M. Bruner and Edward Lande, for defendants in error Hammer and others.

F. E. Fuller, O. D. Cochran, Ira D. Orton, Albert Fink, and William H. Metson, for plaintiffs in error Eadie and others.

William A. Gilmore, C. D. Murane, and Albert H. Elliot, for defendant in error Chambers.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The mandate of this court was issued to the District Court for Alaska in the first of the above-entitled cases on June 18, 1909, and in the second case on October 11, 1909. The petitioners now ask this court to recall both mandates, on the ground that in each case the Supreme Court on April 6, 1910, issued its writ of certiorari directing this court to certify its record to that court for its action thereon.

It is a conclusive answer to the petition in the first case to point to the fact that the term at which our mandate issued has long since expired. This court has no power to entertain a motion to recall its mandate after the expiration of the term at which its judgment was ren-

dered and its mandate was issued. In Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, the court declared it to be a rule well established:

"That after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them."

And the court added:

"So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered; and this is placed upon the ground that the case has passed beyond the control of the court."

And in Reynolds v. Manhattan Trust Co., 109 Fed. 97, 48 C. C. A. 249, the Circuit Court of Appeals for the Eighth Circuit, applied this rule in a case where a motion was made to revoke the court's mandate after the expiration of the term at which the cause was determined and the mandate issued.

But aside from the want of power in this court to recall its mandate in the case first mentioned, it is an insuperable obstacle to the relief here sought in both cases that the Supreme Court has issued to this court its writs of certiorari. A certiorari to a subordinate court or tribunal operates as a stay of proceedings from the time of its service or of formal notice of its issuance, and if the court to which the writ is directed thereafter proceeds, it is a contempt, and its subsequent proceedings are void. 6 Cyc. 800, and cases there cited. The proceedings of this court are not reversed by the issuance of the writ and the stay resulting therefrom, but are merely suspended until the further action of the reviewing court. Ewing v. Thompson, 43 Pa. 372. In that case Judge Strong, afterwards a justice of the Supreme Court, said of the effect of a writ of certiorari:

"Very many English as well as American authorities are quoted in Patchin v. Mayo, etc., 13 Wend. [N. Y.] 664. There are very many others, all holding a common-law writ of certiorari, whether issued before or after judgment, to be in effect a supersedeas. There are none to the contrary. In some of them it is ruled that action by the inferior court after the service of the writ is erroneous; in others it is stated to be void and punishable as a contempt. They all, however, assert no more than that the power of the tribunal to which the writ is directed is suspended by it, that the judicial proceedings can proceed no farther in the lower court."

In State ex rel. Chicago & N. D. Ry. Co. v. Burnell, 102 Wis. 232, 78 N. W. 425, the court said:

"A writ of certiorari suspends the execution of the judgment or order challenged thereby. It does not vacate such judgment or order. Pending the hearing of such an order or judgment, it remains in full force, the same as in the case of an appeal, where the statute regarding a stay of proceedings has been complied with."

And the court added that the sole effect of the writ of certiorari "is to prevent any act being done to enforce the judgment or order affected by the stay."

In McWilliams v. King, 32 N. J. Law, 23, the court said:

"But it is to be remembered that the writ of certiorari is of itself and propria vigore a supersedeas."

In Louisville, N. A. & C. R. Co. v. Louisville Trust Co. (C. C.) 78 Fed. 659, Barr, District Judge, was of the opinion that the effect of certiorari awarded by the Supreme Court in a case decided by the Circuit Court of Appeals is to suspend any action that might be taken either by the Circuit Court of Appeals or by the trial court in obedience to its mandate. And the court in that case in support of its view adverted to the settled rule that the effect of the issuance of the writ of certiorari is to stay proceedings in the court to which it is directed, and cited some of the cases above referred to. It would seem upon principle, in view of the effect of the writ and the consequent stay, that all proceedings in this court, as well as in the District Court of Alaska to which the mandates of this court were issued, are stayed until the decision of the Supreme Court shall be rendered upon its review of the judgment of this court, and that notice of the issuance of the writ should be brought to the attention of the District Court, in order that it may direct a stay of further proceedings, and that this court is powerless to act in the premises.

The petitions are denied.