# T. M. DUCHE & SONS, LIMITED, v. AMERICAN SCHOONER "JOHN TWOHY," HER TACKLE, &c., CUMMINS ET AL., CLAIMANTS.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 84. Argued November 9, 1920.—Decided February 28, 1921.

1. The rule that an appeal in admiralty by either party opens the case to both parties for a trial de novo, is established practice in the Third Circuit. P. 79.
2. Where a party relies on this rule and on his opponent's appeal, the court should not deprive him of his right to be heard by allowing the appeal to be withdrawn after the time within which he may himself appeal has elapsed. P. 80.

256 Fed. Rep. 224, reversed.

THE case is stated in the opinion.

Mr. *William J. Conlen* for petitioner.

No brief filed for respondents.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Consequent on the allowance of a writ of certiorari, the case is here to review the action of the court below in granting, in an admiralty case there pending, a motion for leave to withdraw an appeal made by the respondents, who were there appellants. 256 Fed. Rep. 224. The situation thus arose: The schooner "John Twohy" was chartered to carry a cargo of bones from Buenos Aires to Philadelphia. The voyage was made and, following the discharge of the cargo, the charterers, who are the petitioners,

libeled the vessel, asserting claims (1) for failure to deliver part of the cargo which, as evidenced by the in-take weights recited in the bill of lading, had been loaded on the vessel at Buenos Aires, and (2) for damage by sea water to part of the delivered cargo in consequence of leakage alleged to be due to the unseaworthiness of the vessel.

Holding that the recital in the bill of lading of the in-take weights was but *prima facie* evidence and that the proof showed the delivery of all cargo received on board, the court dismissed the libel as to the first claim. As to the second, however, it found that the damage from leakage had resulted from unseaworthiness, and sustained that claim.

The claimants alone appealed, and, after having twice obtained a continuance, moved for leave to withdraw the appeal. Opposing this motion, the libellants asserted that, under the practice in admiralty in that circuit, an appeal opened up the whole case for reconsideration in the appellate court; that relying upon that practice they had refrained from themselves taking an appeal from the ruling of the trial court denying their claim for non-delivery of cargo; that, owing to the continuances allowed the appellants, the time within which the libellants might have taken an appeal had expired, and if the appellants prevailed in their motion the libellants would be without means of obtaining a review of the adverse action of the trial court.

Coming to consider these contentions, the court held them to be without merit, first, because the libellants, by themselves taking an appeal, could have required the appellate court to proceed and decide the same; second, because, having failed to adopt that course, they could not complain if the court, in the exercise of its discretion, declined to grant them as a legal right that which they might have made such had they availed themselves of

the appropriate procedure; and third, because the court conceived that the allowance of the withdrawal of the appeal would be in furtherance of the due administration of the admiralty in that it would tend to put an end to litigation, would afford appellants time within which to exercise a cooler judgment, would forewarn all persons to themselves appeal if they desired to insure a review of unfavorable decisions, and would prevent the hardship which would result from a contrary ruling, as many would be deterred from appealing from unjust decisions if, having once embarked on that course, they were powerless to withdraw. Upon compliance with certain conditions prescribed by the court, appellants' motion was therefore granted.

We are unable to give our approval to this result or the reasons by which it was sustained. As recognized by the court, the case of *The Canadia*, 241 Fed. Rep. 233, had settled in that circuit that in admiralty an appeal by either party operated to remove the case to the appellate court for a trial *de novo*. The decision was based solely upon the previous rulings of this court in *Irvine* v. *The Hesper*, 122 U. S. 256, and *Reid* v. *American Express Co.*, 241 U. S. 544. In *Irvine* v. *The Hesper*, Mr. Justice Blatchford, speaking for the court, said:

"It is well settled, however, that an appeal in admiralty from the District Court to the Circuit Court vacates altogether the decree of the District Court, and that the case is tried *de novo* in the Circuit Court. *Yeaton* v. *United States*, 5 Cranch, 281; *Anonymous*, 1 Gallison, 22; *The Roarer*, 1 Blatchford, 1; *The Saratoga* v. *438 Bales of Cotton*, 1 Woods, 75; *The Lucille*, 19 Wall. 72; *The Charles Morgan*, 115 U. S. 69, 75. We do not think that the fact that the claimants did not appeal from the decree of the District Court alters the rule. When the libellants appealed, they did so in view of the rule, and took the risk of the result of a trial of the case *de novo*. The whole

case was opened by their appeal, as much as it would have been if both parties had appealed, or if the appeal had been taken only by the claimants."

And in the *Reid Case* this court, although pressed to repudiate the practice as opposed to the weight of adjudged cases, declined to do so and reaffirmed the ruling made in *Irvine* v. *The Hesper*.

In view, therefore, of the settled law as to the effect of appeals in admiralty, we are of opinion that the libellants were justified in regarding the appeal taken by the claimants as securing to libellants the right to be heard in the appellate court without the necessity of perfecting a cross-appeal in order to preserve that right. To hold, then, that the appellate court could nevertheless, without affording the libellants an opportunity to be heard, enter a decree the plain effect of which was to deny one of the two claims for which the libel was brought and which, in view of the settled effect of the appeal, the libellants could not be presumed to have abandoned, would be to subject them to a wrong without a remedy, even if it did not amount to a denial of due process of law.

And this renders it unnecessary to consider the supposed advantages which would arise from the adopting of a new rule, since, if the wisdom of so doing be *arguendo* conceded, that concession would not justify the misapplication of the existing rule and the destruction of rights vested in reliance, not only upon its existence, but upon the discharge of the duty to enforce and apply it.

It follows that the decree of the court below must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*