### THE ANNA. THE BALTIMORE MARU. COSULICH SOCIETA TRIESTINA DI NAVIGAZIONE OF TRIESTE, ITALY, v. KAWASAKI ZOSENSHO. *

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

No. 4019.

1. **Collision ☜105—In channel between ingoing and outgoing vessels held fault of both vessels.**

Evidence *held* to prove that collision between outgoing and ingoing vessels in the entrance to a harbor was due to the fault of the ingoing vessel in being on the wrong side of the channel and the fault of the outgoing vessel in failing to navigate with the degree of caution required by International Rules to Prevent Collisions, art. 16 (26 Stat. 326).

2. **Collision ☜144—Damage to each vessel equally divided, where both were at fault.**

Where both colliding vessels were at fault, the damage to each should be equally divided.

3. **Admiralty ☜119—Rule of divided damages may be applied on remand, though only one of the parties appealed.**

In consolidated libels by owners of each vessel damaged in collision against the other, the court, on remand following reversal of decrees dismissing both libels, may apply the rule that damages should be equally divided, because collision was attributable to the negligence of both ships, though only one of the parties appealed.

Appeal from the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Judge.

Libel by the Cosulich Societa Triestina Di Navigazione of Trieste, Italy, owner of the steamship Anna, against Kawasaki Zosensho, owner of the steamship Baltimore Maru, consolidated with a libel by the

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 456, 68 L. Ed. —.

respondent against the libelant. Decrees of dismissal, and libelant in first-described action appeals. Reversed, and causes remanded.

Mart H. Royston, of Galveston, Tex., for appellant.

Wm. B. Lockhart, John W. Lockhart, and H. C. Hughes, all of Galveston, Tex., and George C. Sprague, of New York City (Lockhart, Hughes, Lockhart & Rayzor, of Galveston, Tex., and Hunt, Hill & Betts and Geo. Whitefield Betts, Jr., all of New York City, on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The Italian steamship Anna and the Japanese steamship Baltimore Maru came into collision at the entrance to Galveston harbor. Both ships were damaged. The owners of the Anna filed a libel against the Baltimore Maru, laying damages at $100,-000, and in turn the owners of the Baltimore Maru filed a libel against the Anna, laying damages at $75,000. The two cases were consolidated for trial.

The harbor is entered from a whistling buoy in the Gulf in a northwesterly direction until bell buoy No. 7 is reached, a distance of about four miles, and then the channel extends for some distance in an easterly and westerly direction. The collision occurred late in the afternoon in a fog, which had settled down near this bell buoy No. 7, where the direction of the channel changes, and while the two ships were undertaking to pass each other; the Anna being inward bound and the Baltimore Maru being outward bound. Both were steel vessels of about the same size; the Anna being 420 feet in length, with a beam of 54 feet, and the Baltimore Maru 405 feet in length, with a beam of 50 feet. The Anna was in ballast and was drawing 16 feet 6 inches, while the Baltimore Maru was heavily loaded and drawing 28 feet 6 inches. The tide was flooding in at the rate of about 1½ miles per hour.

There was evidence for the Anna that she was proceeding along the line of buoys on the north side of the channel; that after she got into the fog her engines were stopped several times, and that she was run at slow speed; that her engines had been stopped for nine minutes when the Baltimore Maru was sighted directly ahead, at a distance of between 200 and 300 feet; and that the collision occurred on the north side of the channel. There was evidence for the Baltimore Maru that after she got into the fog she proceeded at slow speed on the south side of the channel, and that the Anna was sighted 400 feet away, immediately after which the engines of the Baltimore Maru were put full speed astern; but, notwithstanding that, the two vessels collided on their port sides. At the time of the collision the engines of the Anna were running full speed ahead, and she did not stop until she reached the north side of the channel. The Baltimore Maru was grounded near the bell buoy on the south side of the channel. At this point the channel is about 1,000 feet wide, but there was not enough water for the Baltimore Maru to pass to the south of the bell buoy.

It is undisputed that each vessel was giving fog signals, which were heard on the other.

[1, 2] It will thus be seen that the evidence is in direct conflict as to whether each vessel was keeping to its side of the channel, and as to whether the collision occurred on the north side or the south side. The District Judge, who heard the important witnesses, settled this conflict in favor of the Baltimore Maru, and we accept his view as correct. The Anna was therefore at fault in being on the wrong side of the channel. The Baltimore Maru was at fault, in that it failed to navigate with that degree of caution required by article 16 of the International Rules to Prevent Collisions, which is as follows:

"Every vessel shall, in a fog, mist, falling snow, or heavy rainstorms, go at a moderate speed, having careful regard to the existing circumstances and conditions. A steam vessel hearing, apparently forward of her beam, the fog signal of a vessel the position of which is not ascertained shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over." 26 Stat. 326.

It appears to be settled that a steam vessel violates this rule if she is unable to stop within the distance other vessels can be seen. Lie v. San Francisco & Portland Steamship Co., 243 U. S. 291, 37 Sup. Ct. 270, 61 L. Ed. 726; The Manchioneal, 243 Fed. 801, 156 C. C. A. 313; The Sagamore, 247 Fed. 743, 159 C. C. A. 601; The New London and The Edgerton (C. C. A.) 271 Fed. 83; The Haven (C. C. A.) 277 Fed. 957. The District Judge, applying this rule as thus construed, held the Baltimore Maru also at fault. But he dismissed both libels, and in this there was error. The collision being attributable to the negligence of both ships, the damage to each should be equally divided. The North Star, 106 U. S. 17, 1 Sup. Ct. 41, 27 L. Ed. 91; The Chattahoochee, 173 U. S. 540, 19 Sup. Ct. 491, 43 L. Ed. 801; Erie Railroad Co. v. Erie Transportation Co., 204 U. S. 220, 27 Sup. Ct. 246, 51 L. Ed. 450.

[3] An appeal was not perfected on behalf of the Baltimore Maru, but that is immaterial, and does not prevent the court below, upon further hearing, from applying the rule of divided damages in favor of, as well as against, each vessel. The John Twohy, 255 U. S. 77, 41 Sup. Ct. 251, 65 L. Ed. 511; The Astoria (C. C. A.) 281 Fed. 618.

The decrees are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.