## 288

### DOBSON v. UNITED STATES. HASELDEN v. SAME. EGBERT v. SAME.

Circuit Court of Appeals, Second Circuit.
March 4, 1929.

James W. Ryan, of New York City, for the motion.

Walter Schaffner, of New York City, opposed.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. ■ If we had in the first place any jurisdiction over the causes, it ceased when the 1928 term opened, the mandates having already left us. Reynolds v. Manhattan Trust Co., 109 F. 97 (C. C. A. 8); Waskey v. Hammer, 179 F. 273 (C. C. A. 9); Watts, Watts & Co. v. Unione, etc., 239 F. 1023 (C. C. A. 2); Sundh Electric Co. v. Cutler-Hammer Mfg. Co., 244 F. 170 (C. C. A. 2). We may assume, however, that, if we had no jurisdiction, it is possible and proper at any time to purge our records of what they should not contain.

■ The argument is that, since an appeal from a decree in the admiralty is a new trial, it ipso facto vacates the decree and brings up the cause upon the pleadings and proofs, just as it was in the District Court before that court acted. This was indeed the rule upon appeals to the Circuit Court. Yeaton v. U. S., 5 Cranch, 281, 3 L. Ed. 101; The Lucille, 19 Wall. 73, 22 L. Ed. 64; The Louisville, 154 U. S. 657, 14 S. Ct. 1190, 25 L. Ed. 771. But, although the general doctrine has not been disturbed, (The John Twohy, 255 U. S. 77, 41 S. Ct. 251, 65 L. Ed. 511), we think that this feature of it has disappeared. Indeed, even before 1891, the decree was not vacated for all purposes (The Belgenland [C. C.] 16 F. 430), and, however that may be, our own rules (rule 38 [2]) now require security to effect a stay, which would be unnecessary, if the appeal alone vacated the decree below. Moreover, it has been our uniform practise to affirm or reverse decrees in the admiralty and to issue our mandate upon such appeals, just as upon any other. Were this not proper, we should have to act as a court of first instance in the disposition of all such appeals, a course extremely burdensome as things now are. Although the record is at large before us, the decree remains until set aside, and some final decree may and must be entered by the District Court upon our mandate.

Hence we hold that we had jurisdiction over the appeal, since we did not dispose of the suit de novo, as did the District Court. If so, then under Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 387–389, 4 S. Ct. 510, 28 L. Ed. 462, we had jurisdiction to award costs, a jurisdiction which, however, terminated on October 1, 1928, when the new term began.

Motion denied.