We find no error in the ruling of the court.

Judgment affirmed.

**THE L. I. R. R. NO. 18.**

**THE WILLIAM A. JAMISON.**

**THE TRANSFER NO. 18.**

Circuit Court of Appeals, Second Circuit.
Oct. 27, 1933.

Duncan & Mount, of New York City, for the N. Y., N. H. & H. R. R. Co..

Courtland Palmer, of New York City, for claimant-appellant.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The final decree entered in the court below reads that the libelant, "The Long Island Railroad Company, recover of and from the claimant, Jay Street Terminal, and/or its stipulators for costs and for value the sum of * * *." The decree adjudged that the claimant, "The New York, New Haven & Hartford Railroad Company, recover of and from the petitioner, Jay Street Terminal, and/or its stipulators for costs, the sum of. * * *" The decree ordered "that unless this final decree be satisfied or an appeal be taken within ten days after the service of a copy thereof with notice of entry upon the

proctors for claimants the stipulators for costs and for value on the part of the claimant of said steamtug William A. Jamison, cause the engagements of their respective stipulations to be performed * * *." The stipulation for value filed in the cause on behalf of the steam tug William A. Jamison, reads: "Now, therefore, the condition of this stipulation is such, that if the claimant herein Jay Street Terminal, a co-partnership, with offices at 71 Water Street, New York, New York, and Martin E. Goetzinger, by occupation general manager of the Jay Street Terminal, with offices at 71 Water Street, the stipulators undersigned, shall abide by all orders of the court interlocutory or final, and pay the amount awarded by the final decree rendered by this court, and by any appellate court if an appeal intervene, with interest as aforesaid, then this stipulation to be void, otherwise to remain in full force and virtue."

■ In form the decree is joint and several. The rule in actions at law requires the dismissal of an appeal where the judgment is joint in form and one jointly liable under it is not joined in the appeal or a summons and severance or notice equivalent thereto is not obtained. Hartford Accident & Indemnity Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 358, 76 L. Ed. 685; Estis v. Trabue, 128 U. S. 225, 9 S. Ct. 58, 32 L. Ed. 437. But, in admiralty causes, while recognizing the authority of the rule (Estis v. Trabue, supra), it has been held that stipulators for value were not necessary parties on appeal, even though severance was not obtained. The Lydia, 1 F.(2d) 18 (C. C. A. 2); Perriam v. Pacific Coast Co., 133 F. 140 (C. C. A. 9); The New York, 104 F. 561 (C. C. A. 6); The Glide, 72 F. 200 (C. C. A. 4).

■ These cases recognize the admiralty practice that a stipulator for value has no right to conduct the claimant's case and merely substitutes a bond as a res in place of the vessel released, as required by Revised Statutes, § 941 (28 USCA § 754). In The Bylands, 231 F. 101 (C. C. A. 5), certiorari denied 241 U. S. 679, 36 S. Ct. 727, 60 L. Ed. 1233, the court applied the rule of Estis v. Trabue, supra, and dismissed an appeal for failure to join a stipulator for value. Later, the same court avoided the rigor of that rule by granting a motion to amend the appeal by joining the omitted stipulator. The Mary B. Curtis, 250 F. 9 (C. C. A. 5). Recently, the same court in Elliott v. Lombard, 66 F.(2d) 662 (decided August 4, 1933) dismissed a similar appeal, stating that Hartford Accident & Indemnity Co. v. Bunn, supra, settled the law requiring such a result.

This court, in The Lydia, 1 F.(2d) 18, 21, an admiralty appeal, said, through Hough, J.: "It must be emphasized that this appeal has vacated the decree of the District Court and that the case is here tried de novo (The John Twohy, 255 U. S. 77–79, 41 S. Ct. 251, 65 L. Ed. 511), although such new trial is conducted in accordance with our own rules. We have recently considered at length the rights of stipulators for value in suits in rem (The Cartona, 297 F. 827; The Buckhannon, 299 F. 519), and the same rules apply to stipulators for costs. National Surety Company had under these decisions no right to intervene, and no such effort was made; but it has substantially sought to intervene by appealing from the decrees entered. This cannot be done."

See, also, Ex parte Sawyer, 21 Wall. 235, 22 L. Ed. 617.

We further said: "As we have power to consider only appeals from final decrees in admiralty, it is clear that the surety company has no technical standing in this court."

■ We there pointed out that the practice varied in the several circuits, and, quoting from The Beaconsfield, 158 U. S. 303, 15 S. Ct. 860, 39 L. Ed. 993, we said: "'Stipulations in admiralty are not subject to the rigid rules of the common law with respect to the liability of the surety, and so long as the cause of action remains practically the same a mere change in the name of the libelant' does not discharge the stipulator."

It was there made plain that "stipulators and sureties have no right to complain of any treatment of the res or any amendment of pleadings so long as their liability is neither increased nor diminished, and this is because 'every person bailing such property is considered as holding it subject to all legal dispositions of the court.'"

■ The obligation of the stipulator at bar is joint and several. While the Supreme Court in Hartford Accident & Indemnity Co. v. Bunn, supra, disapproved the doctrine of The New York, 104 F. 561 (C. C. A. 6), still in the Hartford Case the obligation was joint. The question there involved was the failure to join a surety on an appeal bond in an appeal from the Supreme Court of Mississippi in a proceeding by a materialman in the state chancery court against contractors and their surety. The judgment in the Supreme Court of Mississippi (Hartford Accident & Indemnity Co. v. Natchez Inv. Co., 161 Miss. 198, 132 So. 535, 135 So. 497) was against the appellant there, the contractors' surety, and the appellant's surety upon the appeal bond,

jointly. The contractors' surety appealed, but its surety on the appeal bond did not join. After the time to appeal had elapsed, a motion to dismiss the appeal was made, and the sureties then moved that the surety on the appeal bond be made a party to the appeal. The latter motion was denied, and the appeal dismissed. Mr. Justice McReynolds pointed out that no appeal could be granted after three months from entry of the judgment below, and followed the rule of Estis v. Trabue, supra. The court said that the doctrine of The New York, that a judgment against a claimant and stipulator for value joint in form was separable in view of the admiralty practice, was not acceptable in appeals in that court, and said: "We cannot undertake to explore the record * * *." Whether we are to understand that by this statement the court meant to prescribe the rule in admiralty for the Circuit Courts of Appeals we need not now decide. We need not say now whether we should look beyond the form of the judgment for here the obligation as the judgment records is joint and several, and this distinguishes the instant case from the Hartford Co. Case. It permits us to act in conformity with our rules and our previous decisions in holding that the stipulator is not a necessary party to the appeal in this admiralty cause and that he has no interest in the res. The Lydia, 1 F.(2d) 18 (C. C. A. 2); The Buckhannon, 299 F. 519 (C. C. A. 2).

The motion to dismiss is therefore denied, and it becomes unnecessary to pass on the motion for a severance.

Motion denied.