# BUSHNELL *v.* CROOKE MINING AND SMELTING COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 195 of October Term, 1892. Submitted October 23, 1893. — Decided October 30, 1893.

An application for a rehearing cannot be entertained when presented after the expiration of the term at which the judgment was rendered.

THIS was an application for leave to file a petition for a rehearing of a case decided at October term, 1892. The petition was supported by the following affidavit, entitled in the cause.

" A. R. Bushnell being duly sworn on oath, says that he is attorney for himself and coplaintiffs in error in the above entitled cause, and had exclusive charge of the conduct of the same in said court; that the decision therein, dismissing the writ for want of jurisdiction, was rendered April 17, 1893, and immediately on being informed thereof by letter from the clerk of said court, which he received as soon thereafter as it could be sent by due course of mail, with a view to filing a petition for a rehearing in said cause under the rules, he made inquiry of attorneys more familiar than himself with the usual time of the final adjournment of the annual terms

of said court, and was by them informed that such adjournment of the then October term, 1892, of said court could not surely be expected that spring, and that they understood the practice of the court to be to take a summer recess, and that such final adjournment would not be reached until this fall, and not long before the beginning of the October term, 1893, of said court; that thereupon he immediately procured a copy of the opinion in said cause and began the preparation of a petition on behalf of the plaintiffs in error for a rehearing therein, but relying upon such information, did not press the same to completion in time to be filed by May 15, 1893, when he is informed such final adjournment of said October term, 1892, of said court was actually had; and he says that his failure to file such petition for a rehearing in said cause before such final adjournment, was wholly owing to his mistake as to the time when the same would take place, made through such misinformation; and he verily believes that leave being given him to file such petition, such rehearing of said cause ought to be granted by the court.

"A. R. BUSHNELL.

"Subscribed and sworn to this 29th day of September, 1893, before me.

"F. M. STEWART,
"*Clerk of U. S. Courts for said District.*"

THE CHIEF JUSTICE: We should not have been called on to reiterate the rule that an application for a rehearing cannot be entertained when presented after the expiration of the term at which the judgment was rendered. *Hudson* v. *Guestier*, 7 Cranch, 1; *Browder* v. *M'Arthur*, 7 Wheat. 58; *Sibbald* v. *United States*, 12 Pet. 488; *Brooks* v. *Railroad Company*, 102 U. S. 107; *Williams* v. *Conger*, 131 U. S. 390.

*Application denied.*