Smith *v.* Hall.

———————

## MARY E. SMITH *vs.* ADDISON T. HALL.

Third Judicial District, Bridgeport, Oct. Term, 1898.    ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A petition or motion for a new trial upon equitable grounds, must be addressed to the court which rendered the original judgment, in the county where the record remains, if that court is competent to entertain it.

In a suit brought to the Superior Court in New Haven county to foreclose a judgment lien on land in that county, based on a judgment rendered by the Superior Court in Litchfield county, the defendant filed a cross-complaint for a new trial in the original action, on the ground of newly-discovered evidence, and also prayed for an injunction against the further prosecution of the foreclosure suit.  *Held :* —

Smith v. Hall.

1. That the Superior Court in New Haven county had no jurisdiction to grant a new trial.
2. That while the facts averred and relied upon by the defendant were such as might be considered by the proper tribunal as grounds for a new trial, they did not show any other, independent reason for restraining the plaintiff from proceeding with his foreclosure suit; and inasmuch as the Superior Court in New Haven county had no jurisdiction to grant a new trial, it did not err in sustaining the plaintiff's motion to dismiss the cross-complaint.

Had the defendant brought a petition for a new trial to the Superior Court in Litchfield county, and then asked simply for a temporary injunction against the foreclosure suit pending his petition for a new trial, a different question as to jurisdiction would have been presented.

Argued November 11th, 1898—decided January 4th, 1899.

ACTION to foreclose a judgment lien, brought to the Superior Court in New Haven County, where the defendant filed a cross-complaint asking for a new trial of the original action and for an injunction against the prosecution of the foreclosure suit, which, upon motion of the plaintiff the court, *Roraback, J.*, dismissed for want of jurisdiction and rendered a foreclosure judgment for the plaintiff, from which the defendant appealed for alleged errors in the rulings of the court. *No error.*

The original judgment was rendered in 1897 by the Superior Court for Litchfield county, and (after a partial remittitur of the verdict had been entered) was for $3,167.22 and costs. See *Smith* v. *Hall*, 69 Conn. 651.

The cross-complaint stated these facts : The original action was one for breach of promise of marriage. One of the principal matters in controversy, as to the matter of damages, was the value of the real estate on which said lien was afterwards placed. The plaintiff offered evidence that it was worth $40,000. The jury in their verdict estimated it at that sum, and that the defendant, who owed some $15,000, was therefore worth $25,000. Since the trial further evidence as to its value has been discovered and obtained by repeated and persistent attempts to dispose of the same, and it has been found and shown as matter of absolute certainty that its value was much less than $40,000. The plaintiff in the

trial of said action claimed strongly that she should be allowed exemplary damages, on account of the answer in said action affecting her reputation, which was filed about three months before the trial, and on account of the testimony of the defendant on said trial.   One of the principal questions in said action was the sanity of the defendant.   The plaintiff testified that she was a professional nurse; that she had taken care of and lived in the same house with defendant for years; and that he was never insane.   The plaintiff also called a physician from Woodbury, where he had resided a considerable time, and whom he had consulted frequently, who testified to his sanity; and called business men who testified to the same effect.   The defendant's counsel in the trial of the case believed that he would not be able to testify connectedly and rationally, and that in all probability he would not be able to testify at all, and that his unbalanced mental condition would be evident to the jury upon his being offered as a witness; but the defendant surprised them upon the witness stand by a long course of testimony and cross-examination.   Shortly after the trial, the defendant was committed by the City Court of New Haven to the Hospital for the Insane, at Middletown, Connecticut.   The physicians who have been in charge of the defendant there, Henry S. Noble and J. W. Duke, will testify that the defendant is clearly and incurably insane; and that his insanity must have continued for several years and has been slowly increasing; and this evidence was not obtainable before the trial.   The defendant, by reason of insanity, refused to allow his counsel, H. F. Hall, to employ assistance in preparing or trying the case, and would not assist or allow expense to be made in the preparation of his defense.   The defendant has a wife, Hattie Robbins Hall, who was married to him in good faith, in June, 1896, and who has a mother and two children, who with defendant's wife constitute the defendant's family.   If this judgment is allowed to stand, it will take the whole of the defendant's property, and leave himself and his wife and family entirely without support, except as the same may be obtained from the State, or the town of New Haven, or the

personal labor of his wife. Such a result was not intended by the jury, and said verdict would not have been given if the actual facts of the case could have been made clear to them.

The cross-complaint was filed by a guardian *ad litem* previously appointed on the plaintiff's application, representing that the defendant was insane and without a conservator.

The motion to dismiss was on the ground that it appeared on the face of the pleadings that the Superior Court for New Haven county had no jurisdiction to relieve in this way against a judgment of the Superior Court for Litchfield county.

*Henry G. Newton*, for the appellant (defendant).

A court of equity, as such, has power at common law to grant new trials, and to enjoin against proceedings to enforce a judgment until a new trial has been had. *Stanton* v. *Embry*, 46 Conn. 65; *Blakesley* v. *Murphy*, 44 id. 188; *Day* v. *Wells*, 31 id. 344; *Carrington* v. *Holabird*, 17 id. 530. Suits in equity for a new trial are not necessarily brought to the court in which the judgment complained of was rendered. Courts of equity grant new trials in the case of judgments by justices of the peace or probate courts. The limitation of the statute, therefore, does not apply. There is no reason why a suit in equity for a new trial should be brought in one county rather than in another, so long as the court can have jurisdiction of the parties. Inasmuch as the plaintiff has chosen to bring her suit to this court, it is manifestly more convenient and proper that this court should pass upon the questions here involved. But if this were merely a petition for a new trial for newly-discovered evidence, what authority is there for saying that this court has not jurisdiction? We have not eight Superior Courts in this State, but one. There are different courts of Common Pleas, District Courts and City Courts; but only one Superior Court. It is not in the power of the General Assembly to establish more than one Superior Court. To prevent circuity of action, multiplicity of suits, we should be allowed to seek this remedy in the

forum where the plaintiff is endeavoring to enforce her judgment.

*William H. Williams*, for the appellee (plaintiff).

A petition or complaint for a new trial, upon the ground of newly-discovered evidence, should be brought to the same court in which the original cause was tried. Such a proceeding is regarded as a part of the same proceedings. *Spear* v. *Coon*, 32 Conn. 296. This is in line with the universal practice since the decision of the case of *Adams* v. *Kellogg*, 1 Root (1791), 255. The language of the statute relating to the power to grant new trials, etc., § 1125, restricts such power to the court to which the original cause was brought. In the absence of statutory regulations, the general rule is that an application for a new trial must be addressed to the court in which the cause was tried. 16 Amer. & Eng. Ency. of Law, 618, and note 1; *Barton* v. *Saunders*, 16 Or. 261; *Quarl* v. *Abbott*, 1 N. E. Rep. (Ill.) 476–480. It is well settled that as between courts of co-ordinate jurisdiction the court first acquiring jurisdiction retains it and cannot be interfered with by the other court. *Waters* v. *Young*, 11 R. I. 1; *Merrill* v. *Lake*, 16 Ohio, 373; *Gay, etc.,* v. *Coal Co.*, 94 Ala. 303; 12 Amer. & Eng. Ency. of Law, 292, and note 1. The Superior Court of New Haven county has no power to directly interfere with the judgment or decrees of the Superior Court for Litchfield county.

BALDWIN, J. The cross-complaint asked the Superior Court sitting in one county to grant a new trial for newly-discovered evidence, in a cause which had gone into judgment before the Superior Court in another county. A petition or motion for a new trial must always be addressed to the court in which the verdict or judgment that it seeks to set aside was rendered. *Adams* v. *Kellogg*, 1 Root, 255. The appellant is right in his position that the provision in the Constitution (Art. V., § 1) for "a Superior Court," means that there shall be one and only one tribunal by that name. It was, however, within the power of the General Assembly

and in accordance with ancient usage to provide, as it has done, for holding sessions of this court in each county at stated times in each year, and for a separate clerk for each county, who shall keep a distinct set of records of all suits and proceedings brought and disposed of there. The judgment against the defendant entered up in the Superior Court for Litchfield county can only be set aside by proceedings before the same court in the same county, or on appeal from such proceedings.

New trials may be granted for legal cause. They may also be granted for equitable cause, when no legal ground for such relief is shown. Such a power is inherent in courts of equity, and is confirmed by General Statutes, § 1125. *Carrington* v. *Holabird*, 19 Conn. 84. But an application for such relief based on matters of equitable cognizance, must be brought to the court which rendered the original judgment, in the county where the record remains, if that court is competent to entertain it. The Superior Court for. Litchfield county has full equitable as well as legal jurisdiction, and is the only forum before which the defendant can ask for the new trial that he desires. Its record of a final judgment against him could not be impugned by the records of the court for another county, should these purport to show that this judgment had been set aside. The whole history of every cause must be found in the records of the court to which it was brought or into which it may have been legally removed.

The cross-complaint sought also an injunction against the further prosecution of the foreclosure suit before the Superior Court of New Haven county. General Statutes, § 775, provides that "all actions for equitable relief against causes pending or judgments rendered in the Superior Court, shall be brought to that court exclusively." Had, therefore, the defendant instituted an independent action to enjoin against the prosecution of this foreclosure suit, on the ground that while he had no means of defeating the legal operation of the judgment and judgment lien, it was, under the circumstances, inequitable in the plaintiff to make such a use of them, he would properly have brought it to the Superior Court for

Smith *v.* Hall.

New Haven county. It follows that a cross-complaint, based on similar grounds, would also be maintainable there. But the cross-complaint which he has filed rests on quite another ground. It sets up facts to show that the judgment ought to be set aside altogether, and founds its claim for relief on the averments that, in an action in which one of the principal questions was that as to his sanity, he failed to produce all the evidence against it which is now obtainable, and also by reason of his insanity refused to allow his counsel to make a proper defense, whence it followed that the jury came to a wrong conclusion. Obviously, the facts thus alleged can only be entitled to consideration as grounds for a new trial. They do not show that, while the judgment is unimpeachable and cannot be set aside, it is inequitable for the plaintiff to found upon it a judgment lien, and press for a foreclosure. On the contrary, the first and principal claim is that it may and should be set aside.

Nor is the cross-complaint in aid of any other proceeding. Had the defendant brought a petition for a new trial before the Superior Court for Litchfield county, and then asked simply for a temporary injunction during its pendency, a different question as to the point of jurisdiction would have been presented. But, as the case stands, the Superior Court for New Haven county having no jurisdiction to grant a new trial; no cause being shown for the issue of an injunction, except to stay proceedings until a new trial could be obtained; and no application to the only court which could grant it having been made or being in contemplation, the motion to dismiss was properly sustained.

There is no error.

In this opinion the other judges concurred.
        Vol. LXXI—28