## ARCOIL MFG. CO. et al. v. AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK et al.

### No. 5673.

Circuit Court of Appeals, Third Circuit.

Nov. 13, 1936.

Siegel & Benjamin (by Sidney J. Benjamin) of Elizabeth, N. J., for appellants.

Lionel P. Kristeller, of Newark, N. J., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a motion to reinstate an appeal. The conduct of the cause in this court is disclosed by the following docket entries:

"1934

July 24. Non-suit entered, United States District Court District of New Jersey.

Oct. 15. Petition on appeal filed.

Order allowing appeal made and entered.

Citation issued, returnable November 5.

Oct. 18. Citation served.

1935

Jan. 3. Return of motion to dismiss appeal for failure to prosecute.

Jan. 9. Order dismissing the appeal unless record printed before February 3, and cause brought on for hearing at the March, 1935, term. (The entry of this order was consented to by the counsel for appellants.)

Feb. 16. Order entered dismissing appeal for failure to comply with order of January 9, 1935.

1936

Jan. 9. Application to re-open appellant's default under order of January 9, 1935, argued; denied."

The order of January 9, 1935 reads:

"Application having been made upon affidavit, certificate of the Clerk of the United States District Court of New Jersey, and notice to the appellants for an order dismissing the appeal in the above entitled cause for lack of prosecution pursuant to the rules of this Court, and argument having been had thereon in the presence of Lionel P. Kristeller, Esq., solicitor for and of counsel with the appellees, and Jacob Lipman, Esq., solicitor for and of counsel with the appellants, and the appellants approving the following order as to form,

"Now, therefore, it is on this 9th day of January, Nineteen Hundred and Thirty-five,

"Ordered, that the application to dismiss the appeal in the above entitled cause for lack of prosecution be and the same hereby is granted with costs unless on or before February 3, 1935, the appellants print the record in this cause and bring on the argument of this appeal at the March, 1935 term of this Court, in which event the application is denied without costs.

"Per Curiam
"Buffington, Presiding Judge."

This is therefore a motion to re-open an appeal in which a final order was entered in the October, 1934, term. During the term when it is rendered or entered of record, a judgment or an order is under the control of the court pronouncing it and may then be set aside, vacated, or modified. After that term, however, unless steps be taken for its continuance, errors in a final order or judgment can only be corrected by the court having appellate jurisdiction over the proceeding in which the order or judgment was entered. Bronson v. Schulten, 104 U.S. 410, 26 L. Ed. 797. In this circuit our rules provide that a judgment or a final decree shall remain within the control of the court for thirty days after entry thereof even though the term shall have terminated sooner. This allows the losing party time within which to file a petition for rehearing. In the instant case, however, not only the term but the additional thirty days have long since expired. The petitioner's motion made in the October, 1936, term to set aside an order made in the October, 1934, term is obviously too late.

The motion to reinstate the appeal is therefore denied.