948

## FOSTER BROS. MFG. CO., Inc., v. NATIONAL LABOR RELATIONS BOARD.
### No. 4074.

Circuit Court of Appeals, Fourth Circuit.

June 16, 1937.

For former decision, see 85 F.(2d) 984.

Weinberg & Sweeten, Leonard Weinberg, and Harry J. Green, all of Baltimore, Md., for petitioner,

Charles Fahy, Robert B. Watts, and Robert S. Erdahl, all of Washington, D. C., for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

On October 8, 1936, at the October term of this court, a decree was entered in this case setting aside the order of the National Labor Relations Board. No petition to rehear the case was filed within thirty days as required by our rules, and no request was made that mandate be stayed. Mandate accordingly issued on November 9, 1936. At that time the October term of the court had adjourned. Since then a special November term of the court and the regular January and April terms have been held. After the adjournment of all of these terms and more than six months after the issuance of the mandate, to wit, on May 11, 1937, the Board filed a petition asking that we recall our mandate and grant a rehearing because of the decisions of the Supreme Court of the United States in the National Labor Relations Board cases rendered on April 12, 1937. National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S.Ct. 615, 81 L.Ed. ——; National Labor Relations Board v. Fruehauf Trailer Co., 57 S.Ct. 642, 81 L.Ed. ——; National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 57 S.Ct. 645, 81 L.Ed. ——; Washington, Virginia & Md. Coach Co. v. National Labor Relations Board, 57 S.Ct. 648, 81 L.Ed. ——; Associated Press v. National Labor Relations Board, 57 S.Ct. 650, 81 L.Ed. ——.

 We are clearly without power to grant the relief asked. Not only had the time for filing a petition for rehearing expired long before the petition was filed, but the term at which the decree was entered had expired also, the mandate of the court had issued and our jurisdiction over the cause had ended. It is well settled that an appellate court is without jurisdiction to recall its mandate after the expiration of the term at which decree was entered. Cyclopedia of Federal Procedure, vol. 6, p. 797; Waskey v. Hammer (C.C.A.9th) 179 F. 273; Reynolds v. Manhattan Trust Co. (C.C.A.8th) 109 F. 97. And it may not grant a rehearing after mandate has issued (Sibbald v. United States, 12 Pet. 488, 492, 9 L.Ed. 1167) or after the expiration of the term at which judgment was rendered, unless jurisdiction be retained over the cause in some appropriate manner for that purpose. Bushnell v. Crooke Mining & Smelting Co., 150 U.S. 82, 14 S.Ct. 22, 37 L.Ed. 1007. And it does not help the position of the Board to contend that with respect to proceedings brought to enforce or set aside its order, this court occupies the position of a court of original jurisdiction rather than of an appellate court; for it is equally well settled that after the expiration of the term at which a judgment or decree was entered a court of original jurisdiction is without power to set it aside. Windholz v. Everett (C.C.A.4th) 74 F.(2d) 834, 837; Blackley v. Powell (C. C.A.4th) 74 F.(2d) 1009; Hiawassee Lum-

ber Co. et al. v. U. S. (C.C.A.4th) 64 F. (2d) 417.

The petition to recall the mandate and grant a rehearing will accordingly be denied.

Petition denied.