**NATIONAL BISCUIT CO. v. KELLOGG CO.**

**No. 5801.**

Circuit Court of Appeals, Third Circuit.

May 5, 1938.

Rehearing Denied May 16, 1938.

Order recalling mandate for clarification.

Thomas G. Haight, of Jersey City, N. J., and Drury W. Cooper and Charles A. Vilas, both of New York City, for appellant.

W. H. Crichton Clarke and Edward S. Rogers, both of New York City, Robert T. McCracken, of Philadelphia, Pa., and E. Ennalls Berl, of Wilmington, Del., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

On April 12, 1937, during the March term of this court, a decree was entered, pursuant to an opinion filed the same day, reversing with costs a decree of the United States District Court for the District of Delaware, which dismissed the appellant's bill of complaint, and containing a direction to the District·Court to enter a decree "enjoining the defendant [appellee] from the use of the name 'Shredded Wheat' as its trade-name and from advertising or offering for sale its product in the form and shape of plaintiff's biscuit in violation of its trade-mark; and with further directions [to the said District Court] to order an accounting for damages and profits." (page 155 of 91 F.2d) Subsequently a petition for rehearing was filed by appellee and denied in due course. A petition for certiorari was then presented to the Supreme Court of the United States and denied in October, 1937, during the October term of this court. This was followed by a petition to the Supreme Court for a rehearing and by petitions to this court and the Supreme Court that injunctive·relief be withheld pending a further application for certiorari, which appellee stated that it intended to make after a final decree following an accounting had been entered in the District Court and presumably finally passed upon by this court. All of these petitions were denied during the October term, 1937, of this court. On December 7, 1937, this court issued its mandate in the exact language, except as to costs, of the order of April 12, 1937, above quoted. Appellant then

applied to the District Court to enter a final decree. This was done, but the District Court, in the parts of the decree which dealt with the injunction and the recovery of damages and profits, except for the usual provisions in such decrees enjoining officers, agents, etc., followed the exact language of the mandate. Appellee contended before the District Court and this court that the opinion, order, and mandate of this court meant that appellee could sell and offer for sale its biscuit in the usual pillow-shape form, provided it did not place on the cartons or in advertising matter what has been referred to in this case as the plaintiff's "two-biscuit-in-a-dish" trade-mark, and apparently contended that it could likewise use the words "Shredded Wheat" unless in connection with that trade-mark. Because the District Court was apparently in doubt as to exactly what the mandate intended to enjoin, and because the defendant had expressed a determination to advertise and sell biscuits in the pillow-shape form, appellant, before the expiration of the October, 1937, term, at which the mandate was issued, applied to this court to recall its mandate and clarify it.

We thought that, when our opinion was read, as a whole, we had made it perfectly clear that what we intended to enjoin was the use of the name "Shredded Wheat" as a trade-name and the advertising and selling of biscuits in the pillow-shape form, irrespective of whether the two-biscuit-in-a-dish trade-mark were employed in connection with either the use of the name or the sale or advertising of the biscuit in the pillow-shape form. This was the construction which the appellee placed on the opinion and order of April 12, 1937, in its petition for rehearing to this court and appellant says that it placed the same construction upon them in its various petitions to the Supreme Court. It so admitted before this court at the hearing to recall the mandate. Appellee in those petitions doubtless placed upon the mandate what it believed to be its proper construction and its changed view adopted after the mandate of this court had issued was apparently due to the exigencies of its position rather than to any real belief that the opinion of this court left any doubt as to what was meant. The language at the end of the opinion and in the order and mandate is poorly phrased. We intended to enjoin the use of the words "Shredded Wheat" as a

trade-name, the advertising and sale of biscuits in the pillow-shape form, and the use of the two-biscuit-in-a-dish trade-mark, separately or together.

At the hearing to recall and clarify the mandate, counsel for appellant submitted an order which it requested the court to make. Counsel for appellee was asked if he wished to submit an alternative form of order. He said that he did and was given 10 days in which to do so. Instead of presenting such an order, he has filed a printed petition of 23 pages, in which he has asked for a rehearing of the whole case and questions the jurisdiction of this court to entertain appellant's petition.

As appellant's petition seeks only a clarification of the mandate, and as it was presented before the expiration of the term at which the mandate was issued, we have no doubt of our right to entertain it and grant the relief sought. Bronson v. Schulten, 104 U.S. 410, 26 L. Ed. 797; Marion County Court, W. Va., v. Ridge et al., 4 Cir., 13 F.2d 969. It is equally clear that this court is without jurisdiction to entertain appellee's petition for rehearing. It was not presented, nor was permission given to present it, within the term when the order of April 12, 1937, was made, nor within the term when the Supreme Court denied the petition for certiorari, 58 S.Ct. 120, 82 L.Ed. ——, and the petition for rehearing, 58 S.Ct. 139, 82 L.Ed. ——, nor within the term when the mandate was issued. Arcoil Mfg. Co. v. American Eq. Assur. Co., 3 Cir., 87 F.2d 206; Foster Co. v. National Labor E. R. B., 4 Cir., 90 F.2d 948; Bronson v. Schulten, supra; Marion County Court, W. Va., v. Ridge, et al., supra. The petition for rehearing therefore must be denied for lack of jurisdiction.

But even if we had jurisdiction to consider it, we see no reason why it should be granted. Nothing new is presented except that in February, 1938, the British Privy Council in Canadian Shredded Wheat Co., Ltd., v. Kellogg Company of Canada, Ltd., reached, it is claimed, a different conclusion from that of this court. Even if the record in the two cases were the same, the latter decision does not persuade us that the conclusion at which we arrived was wrong. We are advised that the British High Court of Justice on a full record reached a different conclusion from that of the British Privy Council as to the registerability of "Shred-

ded Wheat" as a trade-name under the English statute.

The only remaining question is whether, in view of the fact that the order of April 12, 1937, did not specifically provide for an injunction against the violation of the two-biscuit-in-a-dish trademark (although it was intended to do so) we have any jurisdiction to amend the mandate so as to include specifically such a provision. As there may be some doubt on this question, we will not amend the mandate so as to provide a specific injunction against the use of the two-biscuit-in-a-dish trade-mark. Its use on a carton or in advertising matter, when the defendant is not permitted to use the word "Shredded Wheat" as a trade-name or to advertise or sell biscuits in the pillow-shape form, would manifestly be so improper and so likely to mislead that we will assume that the appellee will not use it.

An order will be made recalling for clarification the mandate, as requested in appellant's petition and motion.