### NACHOD et al. v. ENGINEERING & RESEARCH CORPORATION.

Circuit Court of Appeals, Second Circuit.

Dec. 22, 1939.

Watson, Bristol, Johnson & Leavenworth, of New York City, and T. Clay Lindsey, of Hartford, Conn., for plaintiffs-appellants.

J. Dwight Dana, of New Haven, Conn., and Clifton V. Edwards and D. Gordon Angus, both of New York City, for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

Our term having expired since the mandate went down, we have no power to recall it. Bushnell v. Crooke Mining & Smelting Co., 150 U.S. 82, 14 S.Ct. 22, 37 L.Ed. 1007; Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289; Watts, Watts & Co. v. Unione, 2 Cir., 239 F. 1023; Dobson v. United States, 2 Cir., 31 F.2d 288. Rule 6(c) of the Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, does not apply to Circuit Courts of Appeals.

We wish, however, to make plain that there are several questions which we are not deciding. First, we do not decide that the district judge has no power to vacate his order dismissing the complaint against the Automatic Signal Corporation; that we leave to him. Second, if he should vacate that order so that the Signal Corporation again becomes a party, we do not decide whether our affirmance of the decree from which the appeal was taken, will prevent his vacating that decree also because of the changed situation that will then arise. That too we leave to him. Third, if our consent is necessary before he may vacate the order from which the appeal was taken, we do not decide whether we have power to grant that consent, notwithstanding the expiration of the term. That we reserve until it may arise.