## NACHOD & UNITED STATES SIGNAL CO., Inc., et al. v. AUTOMATIC SIGNAL CORPORATION et al.

### No. 2712.

District Court, D. Connecticut.

April 16, 1940.

Watson, Bristol, Johnson & Leavenworth, of New York City (David A. Woodcock, of New York City, of counsel), for plaintiffs.

Edwards, Bower & Pool and D. G. Angus, all of New York City, and J. Dwight Dana, of New Haven, Conn., for defendants.

HINCKS, District Judge.

On October 15, 1938, I entered two orders: (1) an order dismissing as to the Signal Corporation for lack of venue, and (2) an order dismissing the bill on the ground that the Signal Corporation was an indispensable party. The plaintiff never appealed from the order dismissing as to Signal; it did, however, appeal from the order dismissing for lack of an indispensable party and the Circuit Court of Appeals affirmed, Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594.

But before this court had entered its order on the mandate the case of Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, was announced (November 22, 1939). Thereupon the plaintiffs applied to the Circuit Court of Appeals asking it to recall its mandate. This the court above declined to do, the term having since expired, but in a per curiam opinion, Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594, it took pains to point out that its ruling, proprio vigore, did not preclude me from vacating the dismissal as to Signal. This opinion the plaintiffs have construed as an invitation for a motion addressed to this court to vacate both of its orders of October 15, 1938, supra, and to refuse to enter the mandate of affirmance. This motion, filed January 3, 1940, after arguments and briefs, is now before me for decision.

The motion must be denied upon the ground that upon a motion filed in January, 1940, I am without power to vacate a final, appealable, order entered in October, 1938. In re Metropolitan Trust Co., 218 U.S. 312, 31 S.Ct. 18, 54 L.Ed. 1051.

The plaintiffs contend that my 1938 order, based on improper venue as to Signal, was a "mistake" within the meaning of Rule 60(b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c; that although Rule 60(b) provides for the rectification of such mistakes on motion "made within a reasonable time, but in no case exceeding six months after such * * * order * * * was taken," this limitation may even further be extended under Rule 6(b) whereby the court may "upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect." But the plaintiffs argue on brief that under Rule 60(b) "the 'mistake' was primarily the mistake of the court induced by the motion of the defendant, and not the mistake of plaintiffs at all."

To be sure, the Neirbo decision, thereafter announced, demonstrated that the 1938 order as to venue was erroneous. But I must hold that Rule 60(b) was not intended to provide relief for error on the part of the court; it is concerned rather with the "mistake, inadvertence, surprise or excusable neglect" of a party. And since the plaintiffs expressly disclaim all "mistake" on their part, they are not within the rule at all.

Nor can I agree that the generalities of Rule 6(b) are effective to enlarge the express limitation of Rule 60(b) where-

by it is provided that the motion for relief against "mistake" shall be brought "in no case exceeding six months after * * * order * * * -was taken." This holding is required by the unequivocal limitation in Rule 60(b). Cf. Moore's Federal Practice, Vol. 1, pg. 414, and footnote. It is consistent within the self-contained limitations in Rule 6(b). For 6(b) itself provides that "it may not enlarge the period for taking any action under Rule 59" (which limits a motion for a new trial to ten days.) Cf. Bailey v. Crump, 4 Cir., 41 F.2d 733. And 6(b) also prohibits enlargements of "the period for taking an appeal as provided by law." The plaintiffs failed to appeal from my 1938 order on venue. Rule 6(b) precludes an appeal at this late stage. It would be contrary to the spirit of the rules for this court to correct an after-discovered error of law when the plaintiffs themselves have long since suffered the time for appeal from the erroneous order to expire.

The plaintiffs further contend that "the Circuit Court of Appeals for the Second Circuit in our own case has relieved this court of any embarrassment, by expressly announcing in its per curiam opinion the possibility and suitability of action by this District Court in accordance with the pending motion." I construe the opinion of the Appellate Court to suggest only that as always it reserves its statutory function to review appealable orders below and to invite the court of first instance to deal with the problem according to its own light without the aid of intimation by the Appellate Court.

Thus invited, I confess I feel some sympathy with the plaintiffs' proposed short-cut method of correcting the error subsequently disclosed by the announcement of the Neirbo decision. But viewed broadly, it appears to me that a well-ordered finality in judicial decrees is essential to a stable society. Cf. Ex parte Sibbald v. United States, 12 Pet. 488, at page 492, 9 L.Ed. 1167. This desirable finality will be jeopardized by disturbing an order which had become final long before the Neirbo decision had been announced. A wise change of doctrine may lead to a wholesome development of the law in the future; but a sweeping application of such a change to the past may have chaotic effects. Travis County v. King Iron Bridge, 5 Cir., 92 F. 690.

Thus considered, even if I had discretionary power to grant the motion, I should consider the exercise of such power unwise.

The motion to vacate is accordingly denied, and without more ado, as of this date, I am entering the order on mandate.

Ordered accordingly.