WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. TODD et al.

No. 921.

District Court, M. D. Pennsylvania.

June 19, 1944.

Irving J. Levy, Acting Sol., of New York City, and Ernest N. Votaw, Regional Atty., and Morris Hoffman, Atty., Wage and Hour Division, U. S. Department of Labor, both of Philadelphia, Pa., for plaintiff.

W. B. Anstine, of York, Pa., and Robert Lee Jacobs and Jacobs & Jacobs, all of Carlisle, Pa., for defendants.

JOHNSON, District Judge.

Upon an action brought by the Administrator of the Wage and Hour Division, United States Department of Labor, against the above-named defendants to enjoin them from violating the provisions of the Fair Labor Standards Act of 1938,

29 U.S.C.A. § 201 et seq., this court, after trial without jury, filed a decree on October 5, 1943, as follows:

"Now, therefore, this 5th day of October, 1943, the demand of plaintiff for judgment enjoining and restraining defendants from violating the provisions of the Fair Labor Standards Act is hereby refused."

Thereafter, the plaintiff presented the following Motion:

"Now comes the plaintiff above named and

"I—Moves the Court to reconsider its opinion herein, dated October 5, 1943, and to make findings of fact and conclusions of law in accordance with the proposed findings of fact and conclusions of law attached hereto and, by reference, made a part hereof, and to direct the entry of the appropriate judgment thereon, or

"II—In the alternative, in the event the aforesaid motion is denied, moves the Court to set aside its decision herein, dated the 5th day of October, 1943, and to make findings of fact and conclusions of law in accordance with the proposed findings of fact and conclusions of law attached hereto and, by reference, made a part hereof, and to direct the entry of the appropriate judgment thereon, or

"III—In the alternative, in the event both the aforesaid motions are denied, moves the Court to grant a new trial of the above-entitled cause."

The motion is dated December 20, 1943, and was filed in this Court on December 28, 1943.

The motion must be refused.

Rule 54 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the District Courts of the United States provides as follows: "Judgments; Costs. (a) Definition; Form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

Rule 52 entitled "Findings by the Court", provides: "(a) Effect. In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

Subdivision (b) of Rule 52 provides: "Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. * * *"

Rule 59 provides that a motion for a new trial shall be served not later than 10 days after the entry of judgment.

█ In the opinion and decree filed on October 5, 1943, this court set forth at length the facts found, the contentions of both parties, and then discussed at length the conclusions of law as applied to those facts and contentions. The decree filed by the court constituted a final judgment between the parties litigant as contemplated by Rule 54, above quoted. Under such circumstances it is not necessary for the court to direct the clerk of the court to enter judgment thereon. The decree as filed is the judgment.

█ When entered upon the Civil Docket in accordance with Rule 79(a) the entry of judgment became complete and final. Rule 58 provides "* * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry."

"The entry of judgment should not be confused with the recordation thereof pursuant to Rule 79(b)." Moore's Federal Practice, Vol. 3, Chap. 58, page 3237.

The belated request of the plaintiff to make findings of fact and conclusions of law in accordance with the proposals attached to the above-quoted motion must be denied. Plaintiff had an opportunity to present requests and failed to do so. If the trial court in finding the facts and discussing the conclusions of law did not do so in a manner pleasing to the plaintiff it can only be said that the plaintiff failed to take advantage of the opportunities which were open and available.

Plaintiff should have presented his motion, within ten days after October 5, 1943, and failed to do so until December 28, 1943.

As to the merits of plaintiff's motion a subsequent different decision of a higher court in another case cannot be construed as error upon the part of the trial court. Travis County v. King Iron Bridge & Mfg. Co., 5 Cir., 92 F. 690; Nachod & United States Signal Co., Inc. et al. v. Automatic Signal Corporation et al., D.C.Conn., April 16, 1940, 32 F.Supp. 588.

Nor can it be overlooked that this trial court in disposing of the original action in its opinion dated October 5, 1943, found as a fact that the defendant had long ceased the practice complained of by plaintiff and found as a matter of law that "an injunction will not be issued when the wrong complained of has fully and definitely terminated before the institution of the suit; and where the circumstances are such that the chancellor is convinced from the proof there is no likelihood of repetition." In the paragraph appearing immediately before the final decree this Court stated: "It thus appears that there has been no violation of the Fair Labor Standards Act by the defendants and even if a violation had occurred it has been rectified." Then follows the decree refusing the demand of the plaintiff for judgment enjoining and restraining the defendant.

The present motion of the plaintiff cannot be sustained.

Now, Therefore, June 19th, 1944, the motion of plaintiff to have this Court reconsider its opinion or, in the alternative, to set aside its decision dated October 5, 1944, or, in the alternative, to grant a new trial, is hereby refused.