This action, in the nature of a petition for a new trial, was brought to the City Court of Hartford on the 4th Tuesday of December, 1945. On motion of the defendants, the case was transferred to this court on order of the City Court dated January 4, 1946. After filing and withdrawing a motion to expunge, the defendants on March 25, 1946, filed this demurrer and therein challenged the jurisdiction of this court. While not a plea to the jurisdiction, it is sufficient to direct our attention to the question. Under the allegations of the petition the court also examines the matter of jurisdiction. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon." Woodmont Asso. v. Milford,85 Conn. 517, 524. "And the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." Woodmont Asso. v. Milford, supra, and cases cited and approved; Marcil v. Merriman Sons, Inc.,115 Conn. 678, 682.
The action is essentially one for the granting of a new trial, as it claims that in the original action in the City Court there was want of notice as to matters wherein the petitioners were legally entitled to such notice and want of opportunity to appear and defend, and that a just defense exists. As there is no specific method for petitioning for a new trial, this pleading *Page 103 
is within the intent of the statute. General Statutes, § 5701, as amended by § 842f, Cum. Sup. 1941. Bellonio v. ThomasMortgage Co., 111 Conn. 103, 105.
From the very nature of the action, the first matter to be considered is whether any court other than the City Court of Hartford can entertain this action. Under our law the answer is obviously "No." The plaintiffs brought their petition to the only court that has jurisdiction to grant the relief demanded. "A petition for a new trial must always be addressed to the court in which the judgment that it seeks to set aside was rendered." Smith v. Hall, 71 Conn. 427, 431.
This being so, we come to the question of transfer from the court which rendered the judgment sought to be set aside to this court, and it is clear that such order of transfer is void and of no effect. This court, as we have seen, could not grant the relief sought (see Smith v. Hall, supra), and, there being only one court which can grant the relief sought (regardless of any statute granting rights of transfer in other kinds of actions), that court must retain such action to pass on such claimed rights as is peculiarly within its exclusive jurisdiction.
The City Court of Hartford is competent to entertain the petition and is the court to entertain it. Smith v. Hall, supra, 432. This action is still in the City Court of Hartford, and this court has no jurisdiction in the matter. For the reasons stated the case must be erased from the docket.
 Case erased from the docket.