### SCHOONMAKER et al. v. PRICE.
### No. 12229.

United States Court of Appeals
Fifth Circuit.

March 28, 1950.

Rehearing Denied April 21, 1950.

Waller, Circuit Judge, dissented.

For former decision of the Court of Appeals which affirmed the judgment, see 177 F.2d 639, and 180 F.2d 577, in which petition for rehearing was granted.

John C. Walvoord, Jr., Dallas, Tex., for appellants.

Thos. B. Ramey, Tyler, Tex., William R. Niblack, Tyler, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The Great Eastern Oil Company was duly incorporated, and its charter filed with the Secretary of State of Texas on March 10, 1931, with an authorized capital stock of 500,000 shares of the par value of one dollar each. Among its original incorporators, stockholders, and officers, was one Grover Hartt, also president of the Hartt Petroleum Company, which was a Delaware corporation duly organized on August 13, 1929. The receiver, who is appellee here, experienced great difficulty in distinguishing between these two companies. It is not necessary for us to distinguish between them, because we are not confronted with the same problems. The assets of the Great Eastern Oil Company, as listed in its application for a charter, consisted principally of oil and gas leases, the value of which was largely speculative, and the title to which was not unconditionally vested in the incorporators.

In addition to the speculative nature of its initial capitalization, the prospects of raising funds through stock sales of the Oil Company did not result favorably; and several suits were brought against it in the state courts, wherein an accounting

and the appointment of a receiver were sought; but all were dismissed, and the present receivership was initiated by suit in the court below on March 26, 1932. During the period intervening between that date and September 22, 1947, several receivers and masters have served and all assets in possession of the court have been sold. On July 6, 1934, the court below approved and adopted the report of its special master, which held void 250,000 shares of the Great Eastern Oil Company's alleged fully-paid-in capital stock. This stock was cancelled because issued without consideration and for the reason that the application for its charter, and an accompanying affidavit, fraudulently misrepresented the true facts as to its being paid-up capital stock.

During the course of the receivership, extending from 1932 through 1947, all preferred creditors, and all expenses and costs of the receivership, were paid. In the final judgment, distribution of the remaining funds effected a discharge of all unsecured creditors by payment in full of their claims, together with either legal or contractual interest. Sufficient funds remained to reimburse in full, dollar for dollar, all stockholders whose claims had been established.

Ellison Schoonmaker engaged in four separate transactions with the officers of the aforesaid corporations. He made a loan of $5000, bearing 10% interest, to Hartt Petroleum Company. This loan with interest was paid in full out of the assets of the Great Eastern Oil Company. He engaged in two transactions of $500 and $250 each. The $500 investment was intended for the development of property, which was never undertaken. This claim was allowed by the court below as one for money advanced, and was paid by appellee in full with interest at 6%. The $250 item was not used for the purpose for which it was intended; and, in lieu thereof, Ellison Schoonmaker agreed to accept 250 shares of stock in the Great Eastern Oil Company.

The fourth transaction consisted of a payment to the Great Eastern Oil Company of $3500, under a contract which provided that in consideration of said sum Ellison Schoonmaker should receive 3500 shares of stock in said company, and two promissory notes totalling $3500. These notes were to be satisfied and cancelled when and as of the date the Great Eastern Company brought in an oil or gas well as a commercial producer. This contract was entered into on March 31, 1931, some 21 days after incorporation of the Great Eastern Company. The $2000 note was due on June 15, 1933, and the $1500 note was due on April 15, 1934. On or about June 11, 1931, the Great Eastern Oil Company completed a well that was a commercial producer. This satisfied and cancelled the two notes, and left Ellison Schoonmaker holding 3500 shares of said stock. These 3500 shares, plus the 250 shares previously taken, gave Ellison Schoonmaker a total of 3750 shares of stock in the Great Eastern Oil Company for which he had paid the equivalent of $3750.

■ On October 17, 1933, eighteen months after the initiation of the receivership proceedings and after numerous law suits had been filed in the state courts involving operations in which Ellison Schoonmaker had been interested, the appellant, as assignee of the aforesaid claims owned by Ellison Schoonmaker, filed her petition in intervention in this cause. She sought and is seeking to cancel the stock-purchase contract entered into by her assignor. Appellant contends that a fraud was perpetrated by the incorporators in obtaining the charter of the Great Eastern Oil Company by the submission of an affidavit falsely stating that 250,000 shares of stock had been fully paid for, and that all subsequent stock purchasers were likewise defrauded, entitling them to cancellation of their stock purchases as a matter of law. Appellant's purpose in seeking such cancellation is to enable her to establish her claim as a creditor who is entitled to a claim of $3750, with legal interest at 6% since the initiation of the receivership, instead of her stockholder's claim of 3750 shares of stock.

■ Ordinarily the right to rescission or cancellation now asserted would be barred by laches, but it is not barred in this case because it is based upon a concealed fraud, which was not discovered until after this

suit had been pending for some time. Fraud vitiates everything it touches, and we have no doubt that a fraud was perpetrated upon appellant's assignor in the sale to him of the 3750 shares of stock now sought to be cancelled. The appellant may not attack the validity of Great Eastern's charter, which was issued by the state of Texas; but she is entitled to rescind the purchase of said 3750 shares and to recover the purchase price thereof with legal interest. The appellant's claim here is against the Great Eastern Oil Company, which is the corporation that sold the stock to her assignor. The relief of cancellation on behalf of said company has already been accorded as to 250,000 shares of stock issued to the incorporators without consideration. This was in accordance with the principles announced in Woodson v. McAllister, 5 Cir., 119 F.2d 924, and Id., 5 Cir., 121 F.2d 126. Knowing the facts with reference to the issuance of said 250,000 shares, it was an egregious fraud for the corporation to sell the shares to Ellison Schoonmaker.

It is argued that, if we allow the appellant to rescind her contract of sale, all other stockholders would be entitled to the same relief, as they were affected by the same fraud. We do not think this follows since, so far as we know, none of the others has applied for the same relief, and certainly none of them has acted promptly after the fraud was discovered. We pretermit a decision at this time of the other questions raised on this appeal.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

WALLER, Circuit Judge, dissenting.
On Petition for Rehearing
HOLMES, Circuit Judge.

We assure counsel that whatever injury was done appellee by the failure of his brief to reach us in time has been repaired by our diligence in the consideration of his petition for rehearing and brief thereon. In the latter brief is cited the case of Foster Bros. Mfg. Co. v. N. L. R. B., on rehearing, 4 Cir., 90 F.2d 948, which held that the court was without power to grant a rehearing after the

mandate was issued and the term of court had expired. That case is not applicable here, because in this instance the mandate was recalled and the petition for rehearing granted at the same term as that in which the original judgment on appeal was rendered.

As to the six per cent interest item, we only meant to hold that the appellants were entitled to legal interest under the state law, whatever the correct rate may be. We do not think either justice or equity requires that the doctrine of laches be applied against appellants in this case.

We accept the correction as to dates set forth in appellee's motion for rehearing. The date of July 6, 1934, as used in the court's opinion, should now be changed to the date that the Secretary of State cancelled the oil company's charter. The petition for rehearing is denied.

WALLER, Circuit Judge, dissenting.