### FRANK WOJCULEWICZ *v.* STATE OF CONNECTICUT

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued May 11—decided July 12, 1955

*James D. Cosgrove,* public defender, for the appellant (plaintiff).

*Albert S. Bill,* state's attorney, with whom was *Douglass B. Wright,* assistant state's attorney, for the appellee (state).

O'Sullivan, J. The matter before us originated as a petition, presented by the plaintiff to the Superior Court, wherein he asked for a new trial on an indictment charging first degree murder. The defendant filed a demurrer which the court sustained, and from the judgment dismissing the petition the plaintiff has appealed. The sole error assigned is the action of the court in sustaining the demurrer.

The demurrer admitted the following facts: On February 15, 1952, the grand jury returned an indictment charging the plaintiff in two counts with the crime of first degree murder. He pleaded not guilty and was subsequently tried to the jury. He was convicted on each count and sentenced to death. On April 16, 1952, he appealed from the judgment but became insane before the appeal was heard by this court at its October, 1953, term. His mental condition was discovered through an examination made about June 1, 1953, by a competent physician in the employ of the state. No disclosure of the insanity was given either to the court or to counsel for the plaintiff prior to the argument on appeal. On December 15, 1953, we found no error. *State* v. *Wojculewicz,* 140 Conn. 487, 491, 101 A.2d 495.

Proceedings in this state for procuring a new trial, whether in a civil or a criminal case, are controlled by statute. *Murray* v. *Krenz,* 94 Conn. 503, 506, 109 A. 859; *State* v. *Buxton,* 79 Conn. 477, 481, 65 A. 957; *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 A. 121. The statute permits the Superior Court, the Court of Common Pleas or any municipal court to "grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or

part existed, or for other reasonable cause, according to the usual rules in such cases." General Statutes § 8013. The statute has been construed on many occasions. *Dortch* v. *State,* 142 Conn. 18, 21, 110 A.2d 471; *Zullo* v. *Zullo,* 138 Conn. 717, 89 A.2d 218; *DeMichiel & Bros.* v. *Sequin,* 114 Conn. 736, 159 A. 889; *Gannon* v. *State,* 75 Conn. 576, 577, 54 A. 199; *State* v. *Brockhaus,* 72 Conn. 109, 111, 43 A. 850; *Smith* v. *Hall,* 71 Conn. 427, 431, 42 A. 86; *Bissell* v. *Dickerson,* 64 Conn. 61, 66, 29 A. 226; *Brown* v. *Congdon,* 50 Conn. 302, 307. It provides an additional safeguard for averting injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, accident or mistake. *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51. The statute, however, is obviously designed to remedy errors and to correct injustices which may be remedied or corrected by a new trial on the merits. That is not the situation here. Affording the plaintiff a new trial on the merits will not rectify the alleged injustice done him. His present quarrel is not with what happened or failed to happen during the course of the trial, nor is it predicated upon an inability to pursue an appeal taken from the judgment rendered upon conviction. See *Dudley* v. *Hull,* 105 Conn. 710, 719, 136 A. 575. His grievance is limited to the contention that the appeal should have been stayed while he was insane, since its prosecution violated rights guaranteed him by the constitution of Connecticut, article first, § 9.[1] The violation, he maintains, arose from the fact that his

---

[1] The pertinent part of § 9 reads: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . . He shall not . . . be deprived of life, liberty or property, but by due course of law."

mental condition prevented him from consulting with counsel upon matters affecting the appeal and from selecting someone other than the public defender to carry on the appeal, had he desired to do so. It is apparent, then, that the real basis of his petition is not that the claimed violation of his constitutional rights had any effect upon the trial to the jury or upon his being prevented from taking or pursuing an appeal. If any of his rights were violated, they bore upon the possible untimeliness of the argument in this court and, at most, require an opportunity to reargue after the plaintiff returns, if ever, to sanity. Since he is not entitled to a new trial on the merits, the court was correct in sustaining the demurrer.

We might, with propriety, terminate further discussion of the matter. But this is a capital case and we are unwilling to preclude the plaintiff from enjoying to the fullest extent all rights guaranteed by constitutional provisions. As indicated above, the sole device by which his criticism can be met is to allow a reargument of his appeal from the conviction of guilt. Merely asking for it is of no avail. A motion to reargue must be filed, except in July and August, within ten days from the date when the decision is announced. Practice Book § 441. Furthermore, this court has no power to grant a reargument after the term at which its judgment has been rendered. *Bushnell* v. *Crooke Mining & Smelting Co.,* 150 U.S. 82, 83, 14 S. Ct. 22, 37 L. Ed. 1007; 3 Am. Jur. 346, § 796. As both the ten-day period and the term in question have long since passed, reargument is permissible only if the judgment of this court can be voided. Whether this is possible, and, if so, the procedure by which that result can be attained, are matters which the plaintiff can ex-

plore if he decides to proceed further in seeking a reargument in this court.

There is no error.

In this opinion the other judges concurred.