STERN AND COMPANY, INC. *v.* INTERNATIONAL
HARVESTER COMPANY

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 99889

Memorandum filed March 6, 1958.

*Ribicoff & Kotkin,* of Hartford, for the plaintiff.

*Day, Berry & Howard* and *Levin, Schwartz &
Seidman* and *Gross, Hyde & Williams,* all of Hart-
ford, for the defendant.

ALCORN, J. The procedure adopted by the parties
to present an issue for decision leaves much to be de-
sired. The motion is not timely. Practice Book § 233.
The issue, however, could have been properly raised
by a petition for a new trial. General Statutes
§ 8322. The defendant in turn has filed a demurrer to
the motion, a procedure foreign to our practice.
Practice Book § 96. If the plaintiff had proceeded
properly by a petition for a new trial, however, the
demurrer would have been proper. *Wojculewicz* v.
*State,* 142 Conn. 676, 677.

The motion seeks a new trial upon the ground that
the case is in process of appeal to the Supreme Court
of Errors and all of the exhibits have been lost. The

motion alleges that, following a court trial, judgment was rendered on December 21, 1956, whereupon the plaintiff took its appeal on January 4, 1957; that the appeal is pending but the record cannot be completed because all exhibits filed by both parties have been lost; that copies of "most of these exhibits are not available" and that counsel cannot stipulate as to the contents of those of which no copies are available, so that secondary evidence would have to be introduced; and that the exhibits are necessary to a determination of the assignments of error.

No evidence was offered in support of the motion. It appears from the argument and is implicit in the wording of the motion that copies of some of the exhibits exist. Such exhibits or their contents are not described, and the court is unable to determine from the motion or the file how significant these exhibits are upon the appeal or what bearing they might have upon crucial assignments of error. Furthermore, the court is left in ignorance of what, if any, secondary evidence is available as to the contents of exhibits of which no copies exist. There is not even an allegation that such secondary evidence does exist. From anything which appears, the available copies of lost exhibits might be quite sufficient to support the appeal if, proper steps being taken, the Supreme Court of Errors would consider them. It would not avail the plaintiff to obtain a new trial in order to offer secondary evidence of exhibits which would not affect the result on appeal. Nor would a new trial serve any useful purpose if no adequate secondary evidence were available.

A motion or petition for a new trial must be determined solely upon its own issues and without regard to the questions raised by an appeal from the judgment. *Dudley* v. *Hull*, 105 Conn. 710, 714. From the bare allegation in the motion that the exhibits are necessary to a determination of the issues and that

copies of "most of the exhibits" are not available, the court is not justified in concluding either that all of the exhibits are necessary to a determination of the appeal, or that the ones for which copies are available would not be adequate for a determination of the appeal, or that secondary evidence would supply the contents of exhibits where no copies exist. Consequently, while, under a proper showing, the loss of all exhibits might be a "reasonable cause" for the granting of a new trial under § 8013 of the General Statutes or under the general equity powers of the court, the showing here made, for the reasons stated, does not bring the case within the recognized limits of the court's authority. *Dudley* v. *Hull*, supra, 719, 720.

The motion is denied.